EUSEBIO SÁNCHEZ y otros, demandantes y recurrentes, *v.* MUNICIPIO DE CAYEY, demandado y recurrido; MUNICIPIO DE CAYEY, peticionario, *v.* TRIBUNAL SUPERIOR, SALA DE GUAYAMA, HON. EUGENIO VELÁZQUEZ MARTÍN, JUEZ, demandado; PEDRO REYES y otros, interventores.

*Números:* R-66-118; C-66-49      *Resueltos:* 24 de febrero de 1967

*Francisco Torres Aguiar,* abogado del Municipio de Cayey; *A. J. Amadeo Murga,* abogado de los interventores; y *Frank Torres,* abogado de los recurrentes.

EL JUEZ ASOCIADO SEÑOR SANTANA BECERRA emitió la opinión del Tribunal.

Ambos recursos envuelven demandas de reclamaciones de salarios interpuestas por empleados del Municipio de Cayey contra ese municipio. Se reclaman salarios dejados de pagar por razón de horas extras, en exceso de ocho horas al día y de cuarenta y ocho horas a la semana, trabajo en días feriados y en el séptimo día, trabajo durante la hora del almuerzo y vacaciones. En el recurso R-66-118 la reclamación cubre un período desde el año 1941 hasta la interposición de la demanda en 20 de marzo de 1964. En el C-66-49 desde el 1ro. de marzo de 1955. En el primero, la Sala de Guayama declaró sin lugar la demanda como cuestión de derecho, bajo el criterio de que los municipios están fuera del ámbito de la legislación laboral.

En el segundo, la Sala de Guayama desestimó, también como cuestión de derecho, la defensa del Municipio demandado al efecto de que está excluido de responsabilidad por reclamaciones de esta naturaleza bajo la legislación laboral vigente. En ambos recursos se trata de empleados en la misma actividad.

Consideramos primero cierta cuestión jurisdiccional nuestra que se presenta en el recurso R-66-118. Alegan los reclamantes en este recurso que para todas las fechas a que se refiere la demanda, el Municipio de Cayey era dueño, propietario o tenía el control o administración de una planta o central hidroeléctrica, que explota y ha explotado para su lucro y beneficio pecuniario, destinada a producir y crear energía eléctrica que ha sido suministrada por dicho municipio a los habitantes de Cayey en las zonas urbana y rural y al público en general, mediante paga monetaria por dichos consumidores de luz o de energía eléctrica utilizada por el público consumidor.

El municipio demandado contestó la demanda y levantó como una primera defensa que la misma no exponía una reclamación que permitiera la concesión de un remedio, por estar el municipio expresamente excluido de responsabilidad por reclamaciones de salarios como las aquí envueltas de acuerdo con la Ley Núm. 379 de 1948 y la Ley Núm. 96 de 1956. Invocó también como defensa, la prescripción. A petición del municipio la Sala sentenciadora celebró una vista para considerar previamente la defensa de falta de causa de acción, y sin que se hubiera presentado evidencia en dicha vista dictó resolución en 5 de noviembre de 1964 desestimando la demanda. Expresó la Sala:

"RESOLUCIÓN—Se trata de unas reclamaciones que caen dentro del ámbito del Derecho del Trabajo. Esta legislación se encuentra agrupada en el Título 29 de las *Leyes de Puerto Rico Anotadas*. Esta legislación expresamente excluye a los municipios cuando de la aplicación de la misma se trata. Véase al efecto

29 *L.P.R.A.* 63 (2) y (11), 29 *L.P.R.A.* 246 (e) (3) y 29 *L.P.R.A.* 285 con sus correspondientes anotaciones. Por las razones señaladas se desestima la demanda."

La anterior resolución desestimadora fue notificada a los reclamantes en 6 de noviembre de 1964.

En 18 de ese mes de noviembre los reclamantes radicaron moción para la reconsideración del fallo. La reconsideración fue denegada sin tomarse razón de la misma el 24 de noviembre. No obstante, la resolución denegatoria no fue notificada sino hasta el 11 de diciembre de 1964, después de transcurrido el término de 30 días para revisar, a partir de la fecha de la notificación del fallo.

En 21 de diciembre de 1964 los reclamantes presentaron una segunda moción de reconsideración y solicitaron la celebración de una vista o en la alternativa, que la Sala dictara sentencia declarando sin lugar la demanda para poder ellos recurrir al Tribunal Supremo. Hay constancia en los autos de que el magistrado que dictó el fallo instruyó a la Secretaría que se dejara la segunda moción de reconsideración pendiente hasta que él regresara de sus vacaciones.

En 1ro. de febrero de 1965, sin que se hubiera provisto en cuanto a la moción anterior, los reclamantes radicaron una moción sobre nulidad de resolución invocando la Regla 49 de las de Procedimiento Civil. En 2 de febrero de 1965 la Sala dictó la sentencia en los siguientes términos:

"SENTENCIA—En el caso del epígrafe este Tribunal por voz del Juez que suscribe dictó resolución fechada 5 de noviembre de 1964 en virtud de la cual desestimó la demanda. Se presentó una resolución de reconsideración que fue declarada sin lugar el día 24 de noviembre de 1964. Se presentó una llamada segunda moción de reconsideración fechada el 16 de diciembre de 1964 en la cual se solicitaba que se concediera una vista pública para discutir y resolver puntos de orden constitucional o que en la alternativa el tribunal dictara sentencia declarando sin lugar la demanda. El tribunal accede a lo solicitado en la segunda alternativa y por los mismos fundamentos consignados en la resolu-

ción de 5 de noviembre de 1964, cuya resolución se incorpora a esta sentencia a tales fines, se dicta sentencia desestimando la demanda."

Esta sentencia aparece archivada y notificado su archivo en 16 de febrero de 1965.

En 17 de mayo de 1965 la Sala también dictó la siguiente resolución por escrito, que fue notificada a las partes el 19 de mayo:

"RESOLUCIÓN—Señalada para hoy la discusión de una moción sobre Nulidad de Resolución, comparecieron los demandantes representados por su abogado el Lcdo. Frank Torres. La parte demandada no compareció, habiendo en autos una moción sometiendo la referida moción de Nulidad de Resolución.

"Discutida por los demandantes la expresada moción el Tribunal ratifica su resolución de 2 de febrero de 1965 desestimando la demanda y en uso de su discreción concede a los demandantes un término de 10 días para enmendar su demanda.

"De no radicarse la demanda enmendada en el término concedido se concede a dichos demandantes un término adicional de 10 días.

"Notifíquese.

"Guayama, Puerto Rico, a 7 de mayo de 1965. Dictada en Corte abierta en 28 de abril de 1965 y reducida hoy 17 de mayo de 1965."

En 6 de mayo de 1965 se había radicado demanda enmendada bajo la orden dictada en corte abierta el 28 de abril de 1965. Las alegaciones fundamentales no se alteraron. El municipio demandado solicitó la eliminación de la demanda enmendada y en 3 de mayo de 1966 la Sala dictó la resolución que sigue:

"RESOLUCIÓN—El tribunal vistos los alegatos de las partes y teniendo en cuenta sus actuaciones entiende que procede desestimar, como por la presente desestima, la demanda enmendada. En esta forma el Juez que suscribe da por terminado este asunto.

"Regístrese y Notifíquese."

Esta resolución fue archivada y notificado su archivo a los reclamantes el 3 de mayo de 1966. Contra la misma se interpuso, en mayo 11 de 1966, el recurso de revisión que consideramos. Hasta aquí los autos de primera instancia.

El municipio recurrido solicitó la desestimación del recurso por falta de jurisdicción de este Tribunal. Su posición ante nos es que el fallo dictado en este caso fue final y firme transcurridos 30 días desde el 6 de noviembre de 1964 en que se notificó la primera resolución emitida desestimando la demanda y haberse declarado sin lugar de plano la primera moción de reconsideración; y que todo ulterior dictamen de la Sala sentenciadora, incluyendo la resolución última de 3 de mayo de 1966 de la cual se recurre, fue hecho también sin jurisdicción.

En 16 de junio de 1966 dijimos "no ha lugar" a la desestimación solicitada por el recurrido. En 2 de noviembre de 1966 expedimos el auto de revisión. En su alegato en los méritos el municipio insiste en nuestra falta de jurisdicción. Por tratarse del poder orgánico mismo de este Tribunal de segunda y última instancia en Puerto Rico para conocer de un determinado asunto judicial y fallarlo, ante la situación que reflejan los autos, no habiéndose fundamentado nuestra resolución de junio 16 antes mencionada, parece conveniente una breve exposición ulterior del planteamiento jurisdiccional.

Cuándo o en qué momento ha habido una *sentencia final* del Tribunal de Primera Instancia es un hecho que debe aparecer en todo expediente con claridad meridiana y sin lugar a dudas, porque en ese hecho descansa la jurisdicción de este Tribunal o su facultad en ley para considerar y resolver en última instancia determinada cuestión litigiosa en apelación o en revisión.—Ley Núm. 115 de junio 26 de 1958; *Regla* 53.1 de Procedimiento Civil, 1958.

■ Se observa con alguna frecuencia que dictámenes de magistrados de primera instancia que tienen la característica de poner fin a la controversia en esa instancia se emiten bajo el título de "resolución". Es cierto que la Regla 44.1 dispone que el término "sentencia" incluye una resolución y cualquier orden de la cual pueda apelarse, pero ello no viene al caso ante el problema de la debida claridad y certeza en los autos con miras a la jurisdicción de este Tribunal. Para que el tiempo dentro del cual es efectiva nuestra jurisdicción en caso civiles de apelación y de revisión comience a extinguirse, se requiere el *acto* formal del archivo en autos de una copia de la notificación de la sentencia final.—Ley Núm. 115, *Regla* 53.1(a), (b); *Regla* 65.3. Véase: *Figueroa Rivera* v. *Tribunal Superior*, 85 D.P.R. 82 (1962).[1]

■ Llamar resolución a un fallo que tiene por objeto poner fin al litigio en primera instancia crea confusión en los litigantes y en los funcionarios mismos del Tribunal. No obstante la Regla 44.1, el término "resolución" tiene la connotación clásica familiar de un dictamen interlocutorio, excepto cuando se dicta en incidentes posteriores a una sentencia final. Tiende a confundir a los funcionarios porque corrientemente las "resoluciones" son notificadas por ellos de manera más informal y sin seguir los requisitos más

---

[1] Regla 53.1(a).—"La apelación se formalizará presentando . . . dentro de los treinta (30) días siguientes *al archivo* en autos de una·copia de la notificación de la sentencia."

Regla 53.1(b).—"El recurso de revisión se formalizará presentando . . . dentro de los treinta (30) días siguientes *al archivo* en autos de un copia de la notificación de la sentencia. . . ."

Regla 65.3.—"Inmediatamente después de *archivarse en autos* copia de una orden o sentencia, el secretario dará aviso por correo *de tal archivo* a todas las partes afectadas. . . ."

Ley Núm. 115, 1958.—(a) ". . . serán apelables al Tribunal Supremo las *sentencias finales* que dicte el Tribunal Superior. . . ." (b) "Cualquier otra *sentencia final* del Tribunal Superior podrá ser revisada. . . por el Tribunal Supremo. . . ." Art. 2.

exigentes para la notificación de sentencias finales, del cumplimiento estricto de los cuales depende nuestra jurisdicción.

■ Debe ser buena norma que al sostenerse una moción desestimadora que a juicio del magistrado pone punto final al pleito en esa instancia, haga constar que no siendo susceptible de enmienda la demanda procede a dictar sentencia declarándola sin lugar. Notificada dicha sentencia con las formalidades señaladas, el término efectivo de nuestra jurisdicción queda claro. Si el magistrado cree que la demanda es enmendable, o en ese instante no tiene plena seguridad de que la acción no podría prosperar bajo concepto alguno, al sostener la moción desestimadora debe conceder un término a la parte para que enmiende la demanda si fuere susceptible de enmienda y así lo deseare. Si el litigante no lo deseare o entendiere que no le es posible enmendar, debe solicitar afirmativamente que se dicte sentencia final sobre el fallo de desestimación, declarando sin lugar el pleito. Dictada y notificada dicha sentencia con la formalidad de ley, nuestra jurisdicción también queda clara en los autos.

En el presente recurso la situación es muy confusa en cuanto a permitirnos determinar con certeza plena en qué momento hubo una sentencia final en lo que a nuestra jurisdicción concierne. (1) Si bien la "resolución" de 5 de noviembre de 1964 se notificó el día 6 y no se tomó razón de una reconsideración solicitada en tiempo, la resolución de 24 de noviembre denegándola se notificó el 11 de diciembre, o sea con posterioridad al término de 30 días a partir de noviembre 6. (2) El recurrido tiene razón en el sentido de que más allá de los 15 días el procedimiento no autoriza segundas mociones de reconsideración. Sin embargo, la Sala consideró la segunda reconsideración como una petición de sentencia final, y en 2 de febrero de 1965 procedió a dictar dicha sentencia. Notificada en 16 de febrero, pudo ser firme en 18 de marzo. (3) No obstante, la Sala aparentemente

tomó razón de la moción de nulidad bajo la Regla 49 ya que en 28 de abril de 1965, verbalmente, y por escrito en 17 de mayo, dictó resolución ratificando "su resolución de 2 de febrero de 1965 desestimando la demanda", pero en uso de su discreción, concedió a los reclamantes términos para presentar demandas enmendadas. (4) Finalmente, también por "resolución" desestimó la demanda enmendada, aunque no dictó sentencia declarando sin lugar el pleito. Los recurrentes consideraron esta actuación como una sentencia final, y vinieron aquí en revisión.

Aun cuando la única sentencia dictada en este caso fuera firme desde marzo 18, 1965, las resoluciones posteriores de abril 28 y mayo 3 pueden considerarse como resoluciones dictadas después de sentencia final, y en tal caso consideraríamos la expedición del recurso de revisión como la expedición de un auto de *certiorari* contra dichas resoluciones. Reafirmamos nuestro fallo de 16 de junio de 1966 negándose a desestimar el recurso por falta de jurisdicción.

En los méritos de ambos recursos: Los recurrentes reclaman salarios desde 1941 hasta 1964 en el R-66-118 y desde 1955 en el C-66-49. No invocan decreto mandatorio alguno promulgado bajo la Ley de Salario Mínimo Núm. 8 de 5 de abril de 1941. De modo que hasta el 15 de mayo de 1948, de tener los primeros recurrentes algún derecho a reclamar lo sería en virtud de la Ley Núm. 49 de 7 de agosto de 1935, regulando las horas de trabajo en establecimientos comerciales, industriales "y en otros negocios lucrativos", y de la Ley Núm. 110 de 13 de mayo de 1937 según ha sido posteriormente enmendada; y en lo dispuesto en la Ley Núm. 289 de 9 de abril de 1946.

En 15 de mayo de 1948 empezó a regir la Ley Núm. 379, estableciendo la jornada de trabajo en Puerto Rico, etc. Su Art. 16 reza en parte así:

"No se aplicarán las disposiciones de esta Ley a los empleados del Gobierno Insular, de los Gobiernos Municipales, ni del Gobierno de la Capital ni a los de las agencias o instrumentalidades de dichos gobiernos, con excepción de aquellas agencias o instrumentalidades que se dediquen a empresas agrícolas, industriales, comerciales o de servicio público."

■ Sostienen los recurrentes que aun cuando a tenor de esa disposición no procedieran reclamaciones de salarios contra los municipios, la misma no puede tener el efecto de destruir el derecho de ellos a reclamar contra el recurrido adquirido o acumulado con anterioridad a la vigencia de dicha disposición. Los recurrentes están en lo correcto. Nada hay en la Ley Núm. 379 que indique una intención legislativa a tal efecto. Por el contrario, la Ley Núm. 49 de 7 de agosto de 1935 se dejó en toda su fuerza y vigor por la Ley Núm. 8 de 5 de abril de 1941 y rigió hasta el 15 de mayo de 1948 fecha en que empezó a regir la Ley Núm. 379. Esta ley, por su parte, dejó subsistentes la Núm. 110 de 13 de mayo de 1937 según fue luego enmendada, y la Ley Núm. 289 de 9 de abril de 1946. Pero ello no es de utilidad alguna a los recurrentes por razón de que su derecho a reclamar salarios por cualquier período anterior al 20 de marzo de 1954 es inexistente a tenor de lo dispuesto en la Sec. 32 (b) de la Ley Núm. 96 de 26 de junio de 1956. (2)

■ En cuanto al período posterior al 20 de marzo de 1954 y al 1ro. de marzo de 1955, en lo que respecta a la materia regida por la Ley Núm. 379, la disposición transcrita debe tomarse conjuntamente con otras disposiciones de dicho estatuto, y a la luz de una política pública general contemporánea con su aprobación. La propia disposición cubre

---

(2) Sec. 32 (b).—"Cuando el empleado estuviere trabajando con el patrono, la reclamación solamente incluirá los salarios a que tuviere derecho el empleado, *por cualquier concepto*, durante los últimos diez años anteriores a la fecha en que estableciere la acción judicial."

Según la demanda los reclamantes están aún en sus empleos.

bajo la Ley aquellas agencias o instrumentalidades de gobierno que se dediquen a empresas agrícolas, industriales, comerciales o de *servicio público*. Un municipio es una agencia del Gobierno Estatal y una actividad en virtud de la cual se produce y se suministra energía eléctrica al público consumidor mediante paga sujeto a tarifa o cargos de ordinario puede considerarse como actividad o empresa de servicio público. En su Art. 19 la Ley define "establecimiento" como que incluye "todo edificio, casa, fábrica, taller . . . almacén . . . oficina, empresa de *servicio público* . . . local y sitio donde se ejecuta una obra, realiza labor o se presta cualquier servicio mediante pago." La demanda alega, hechos que debemos tener como ciertos a los fines de la desestimación decretada, que el recurrido posee y opera una Planta o Central Hidroeléctrica para su lucro y beneficio pecuniario y que suministra energía eléctrica mediante paga al público en general.

La Sala y el recurrido invocan la Ley Núm. 96 de Salario Mínimo de 1956, Sec. 33(a)(3) al efecto de que sus disposiciones no se aplican a las personas empleadas por el Gobierno de la Capital o por los gobiernos municipales. La Ley Núm. 96 no entra en juego en este caso. Distinto a la Núm. 8 de 1941 que cubría salario mínimo y condiciones de trabajo, la 96 de 1956 dispone sólo en cuanto al salario mínimo. En esta acción no hay reclamación por razón de salario mínimo y, como apuntamos al principio, tampoco se invocan derechos bajo decretos mandatorios promulgados a tenor de la Ley de 1941, decretos que han quedado subsistentes.

Debe ser claro que no anticipamos en esta ocasión criterio sobre los méritos de los casos en uno u otro sentido. Se ha analizado la ley para demostrar que no era posible desestimar este pleito con la expresión tajante de que toda reclamación dentro del ámbito del Derecho del Trabajo es

imprócedente, como cuestión escueta de ley, contra un municipio, ni tampoco desestimar la defensa de derecho del Municipio, —C-66-49— a base de un criterio contrario. Antes de declararse sin lugar la demanda, o sin lugar la defensa del Municipio, la situación requiere prueba de una serie de factores y de elementos que surgen de la propia Ley Núm. 379 y de las leyes anteriores aludidas, relacionados con la operación y explotación por el recurrido de esta Planta Hidroeléctrica como posible empresa de servicio público, sea con fines de lucro o beneficio o sin tales fines, y cómo esta actividad o función del Municipio de Cayey se integra o se relaciona con aquellas otras propiamente gubernamentales sobre las cuales la Ley Núm. 379 y otras mencionadas pudieran no ser aplicables. La cuestión de derecho planteada debe resolverse preferiblemente en una vista para ambos casos, presentándose prueba sobre los elementos anteriormente mencionados y cualesquiera otros pertinentes y necesarios para una debida adjudicación de la controversia planteada.

*Por los fundamentos expuestos, se revocan los fallos recurridos y se devolverán los autos a la Sala sentenciadora para procedimientos ulteriores compatibles con lo aquí dispuesto.*

El Juez Asociado Señor Hernández Matos no intervino en la consideración y decisión del recurso R-66-118.