# 95 DTA 100

## TRIBUNAL DE CIRCUITO DE APELACIONES
## CIRCUITO REGIONAL VII DE CAROLINA Y FAJARDO

BROWNING FERRIS INDUSTRIES OF PUERTO RICO, INC.
Demandante-Apelada

v.

HOLIDAY INN DEVELOPMENT
Demandada-Apelante

v.

BETA CONSTRUCTION
Demandada

Núm. KLAN-95-00230

San Juan, Puerto Rico, a 3 de mayo de 1995

Panel integrado por su presidenta, Juez Rivera de Martínez
y los Jueces Cabán Castro y Martínez Torres

Martínez Torres, Juez Ponente

## TEXTO COMPLETO DE LA SENTENCIA

Analizamos en este caso el alcance del quinto párrafo del Artículo 4.001 del Plan de Reorganización Núm. 1 de la Rama Judicial, de 28 de julio de 1994, conocido como la *"Ley de la Judicatura de 1994"*, y del tercer párrafo de la Regla 14(A) del Reglamento del Tribunal de Circuito de Apelaciones de 3 de febrero de 1995, según enmendado. También analizamos el alcance de la Regla 47 de Procedimiento Civil y de la opinión del Tribunal Supremo en *Villanueva v. Hernández Class*, **91 J.T.S. 58.**

### I

El 31 de enero de 1995, el Tribunal de Primera Instancia, Subsección de Distrito, Sala de Carolina (Juez Nydia Z. Jiménez Sánchez), dictó sentencia a favor de la demandante, Browning Ferris Industries of Puerto Rico, Inc. (en adelante, *"BFI"*), por $12,644.52 alegadamente adeudados por concepto del recogido de desperdicios sólidos durante la construcción del Hotel Holiday Inn Crowne Plaza de Isla Verde. El archivo en autos de la sentencia fue notificado a las partes el 9 de febrero de 1995.

Catorce días después, el 23 de febrero de 1995, la codemandada-apelante, Holiday Inn Development (en adelante, *"Holiday Inn"*), presentó una moción de reconsideración. El Tribunal de Primera Instancia emitió una resolución el 9 de marzo de 1995 [dentro del término de treinta días para apelar la sentencia según se dispone en la Regla 53.1(a) de Procedimiento Civil] en la que declaró *"no ha lugar"*, sin más, la solicitud de reconsideración de Holiday Inn. Esta apeló la sentencia el 20 de marzo de 1995, mediante la presentación de un escrito a esos efectos en el Tribunal de Primera Instancia, Subsección de Distrito, Sala de Carolina.

La demandante-apelada, BFI, ha solicitado la desestimación de la apelación por tardía. Holiday Inn se opone basada en su interpretación del alcance de lo dispuesto por el Tribunal Supremo en *Villanueva v. Hernández Class, supra.* Resolvemos. Primero, sin embargo, debemos referirnos a ciertos errores en el trámite de las mociones presentadas por la demandante-apelada, BFI.

### II

Ocho días después de presentada la apelación de epígrafe, BFI presentó una *"Moción de Desestimación por Falta de Jurisdicción"* y otra *"Moción Urgente Solicitando Prórroga"* de treinta (30) días para oponerse en los méritos al escrito de apelación.█ BFI presentó ambas mociones en el Tribunal de Primera Instancia, de conformidad con lo dispuesto en el quinto párrafo del Artículo 4.001 de la Ley de la Judicatura de 1994, *supra*:

*"La Secretaría del Tribunal de Circuito de Apelaciones estará en la ciudad de San Juan. Los escritos que se sometan a la consideración del Tribunal de Circuito de Apelaciones podrán presentarse en la Secretaría del Tribunal de Circuito de Apelaciones **o en la secretaría de las sedes del Tribunal de Primera Instancia de Puerto Rico en la cual se resolvió la controversia objeto de revisión y dicha presentación tendrá todos los efectos de ley. Será responsabilidad de la secretaría de la sede del Tribunal de Primera Instancia ante la cual se hizo la presentación remitirlo prontamente a la Secretaría del Tribunal de Circuito de Apelaciones.** De radicarse en la Secretaría del Tribunal de Circuito de Apelaciones, ésta deberá notificar a la secretaría de la sede del Tribunal de Primera Instancia donde se resolvió el asunto."* [Enfasis suplido.]

Inexplicablemente, la secretaría del Tribunal de Primera Instancia, Subsección de Distrito,

Sala de Carolina, no refirió las mociones a este Tribunal sino que las pasó al despacho del Hon. Luis G. Quiñones. Por inadvertencia, éste *"resolvió"* ambas mociones el 7 de abril de 1995. *"Concedió"* la prórroga solicitada y le *"dio"* veinte (20) días a Holiday Inn para expresarse acerca de la *"Moción de Desestimación por Falta de Jurisdicción"*. Como era de esperarse, cuando ambas órdenes le fueron notificadas, BFI compareció ante nos con copia de las mociones presentadas en instancia. En su moción, BFI presume que cometió un *"error involuntario"* al presentar las mociones en la secretaría de la Subsección de Distrito *"por entender que así procedía"*, y por ello solicitó nuestra *"indulgencia"*.

La confusión que ha llevado a la apelada a pedir excusas por un error que no cometió se origina en el tercer párrafo de la Regla 14(A) de nuestro Reglamento. Este señala que *"[l] os alegatos, mociones y cualesquiera otros escritos posteriores relacionados con el escrito de apelación se presentarán en la Secretaría del Tribunal de Circuito de Apelaciones en original y cuatro copias."*

El propósito de esta Regla es definir cuántas copias de cada escrito posterior al escrito de apelación deben presentarse. Aunque su texto no señala que las mociones puedan presentarse en las secretarías del Tribunal de Primera Instancia, tampoco lo prohibe. No lo prohibe porque no podría hacerlo. Estaría en contra del texto de la ley. Si lo único que se pudiera presentar en la secretaría del tribunal apelado fuera el escrito inicial de apelación, se estaría limitando el derecho a presentar escritos allí a una sola de las partes, en total discrepancia con el texto y el espíritu del Artículo 4.001, *supra*.

El propósito de esta disposición fue que las partes no tuvieran que acudir siempre a San Juan a presentar sus escritos en un caso ante este Tribunal. La experiencia previa en la litigación ante el Tribunal Supremo y ante el anterior Tribunal de Apelaciones (que sólo tenía dos secciones) era que obligar a las partes a presentar sus escritos exclusivamente en la secretaría del tribunal apelativo conllevaba un gasto adicional de mensajería y transportación que encarecía la litigación. Esto tenía un efecto particularmente detrimental sobre los litigantes y abogados de pocos recursos económicos domiciliados fuera del área metropolitana de San Juan. Por consiguiente, esa norma limitaba en la práctica la oportunidad apelativa del litigante pobre. Aunque la nueva norma esbozada en el Artículo 4.001 no es la panacea para ese problema, no cabe duda que contribuye a aliviarlo. Ahora bien, de nada serviría si la norma se limitara solamente al escrito de apelación o *certiorari*. El apelado o recurrido también tiene derecho a un acceso a la *"justicia apelativa"* tan fácil y económico como lo tiene el apelante o peticionario.█

El párrafo citado del Artículo 4.001 es la versión que sobrevivió de lo que se conocía en la etapa de redacción y deliberación de la actual Ley de la Judicatura como la *"secretaría única"*. Originalmente se pensó en una sola secretaría para el Tribunal Supremo y para este Tribunal, pero consideraciones prácticas hicieron que los redactores del Plan de Reorganización Núm. 1, *supra*, abandonaran esa idea.█ En su lugar, se adoptó el quinto párrafo del Artículo 4.001, *supra*. Este permite que todos los *"escritos"* ante este Tribunal se presenten en las secretarías de las sedes del Tribunal de Primera Instancia, a opción de la parte presentante. No podemos ahora adoptar una lectura del tercer párrafo de la Regla (A) que anule esa intención legislativa. Donde la ley no distingue ni excluye, no procede distinguir ni excluir. Op. Sec. Just. Núm. 12 de 1989; Op. Sec. Just. Núm. 37 de 1988; e.g., *Román v. Superintendente de la Policía,* 93 D.P.R. 685 (1966).

Por consiguiente, la disculpa de BFI y de su abogada es innecesaria. Fue la secretaría de la Subsección de Distrito la que se equivocó. El texto del Artículo 4.001 antes citado es claro. Las partes en una apelación pueden presentar sus escritos en la secretaría de la sede del Tribunal de Primera Instancia de donde proviene el caso en apelación o *certiorari*. Es ésta la que tiene que referirlos a este Tribunal. Es natural que ocurran errores en la maquinaria

judicial durante el proceso de implantación de la reorganización de la Rama Judicial en el que todos estamos inmersos. No obstante, confiamos que en corto tiempo los errores sean menos frecuentes y que el incidente aquí relatado no se repita. Tanto los funcionarios y empleados de las secretarías como los jueces del Tribunal de Primera Instancia deberán estar alertas para evitar incidentes similares.

## III

La Regla 47 de Procedimento Civil dispone que la moción de reconsideración de sentencia deberá ser presentada dentro del término de quince (15) días luego del archivo en autos de la notificación del dictamen del tribunal. La Regla contiene una presunción a los efectos de que si el tribunal no considera la moción dentro de los diez días siguientes, se entiende que la rechazó de plano. Claro está, esta presunción reglamentaria no priva al tribunal de autoridad para considerar la moción luego de transcurridos esos diez días. El tribunal conserva la facultad de acoger o resolver la moción en cualquier momento antes de que la sentencia sea firme, es decir, durante los treinta días siguientes a la notificación de su archivo en autos. Regla 53.1 de Procedimiento Civil; *Suárez v. Flamingo Homes. Inc.,* 102 D.P.R. 664, 666-67 (1974); *El Mundo v. Tribunal Superior,* 92 D.P.R. 791, 801 (1965).

En efecto, en este caso el Tribunal de Primera Instancia resolvió la moción el día número veintiocho (28) del plazo para apelar. Al declarar la moción sin lugar, el tribunal la denegó de plano. *Id.* Por ende, según reza la Regla 47, el plazo dispuesto por ley para presentar la apelación no fue interrumpido. Venció el 13 de marzo de 1995. Sin embargo, Holiday Inn presentó su escrito de apelación siete días después, el 20 de marzo.

Para justificar su tardanza, Holiday Inn invoca la opinión del Tribunal Supremo en *Villanueva v. Hernández Class, supra.* Allí, el máximo Tribunal consideró acogida una solicitud de reconsideración resuelta por el tribunal de instancia ochenta y seis (86) días después de archivada en autos la notificación de la sentencia. El fundamento para el dictamen del Tribunal Supremo fue que el juez sentenciador no sabía de la existencia de la moción de reconsideración porque contrario a las normas administrativas aplicables, la moción le fue referida a su despacho ochenta y cinco (85) días después de archivada en autos la notificación de la sentencia.

*"[P]ara que se pueda entender que una persona ha "rechazado" algo, **tiene que por lo menos estar consciente de ello y conocerlo.** En otras palabras, **no se puede entender rechazado lo que se desconoce....** No conociendo el juez sentenciador la existencia de la moción de reconsideración, ni los fundamentos de la misma, **no se puede entender y resolver que la rechazó de plano en perjuicio de la parte que radicó en tiempo la referida moción."***

*Villanueva v. Hernández Class, id.* a la pág. 8695. [Énfasis en el original.]

El caso de autos es enteramente distinguible de *Villanueva v. Hernández Class, id.* Primero, la moción de reconsideración fue considerada dentro del término para apelar. Segundo, el tribunal no acogió la moción. Meramente la denegó de plano. Por lo tanto, reiteró lo que ya se presumía a base del texto de la Regla 47, *supra.* Tercero, surge de lo anterior que el término para apelar nunca fue interrumpido. Venció una semana antes de que Holiday Inn presentara su escrito de apelación. *Villanueva v. Hernández Class, supra* a la pág. 8694.

Es por eso que no tiene efecto alguno que la resolución del Tribunal de Primera Instancia fuera notificada dos días después de expirado el término para apelar. La Secretaría tenía la obligación de notificar una resolución emitida mientras el tribunal todavía tenía jurisdicción sobre el caso. La resolución emitida no afectaba en nada a Holiday Inn pues meramente se confirmaba que su moción de reconsideración había sido denegada de plano, algo que Holiday Inn tenía que haber presumido tras una lectura de la Regla 47. La excepción de

*Villanueva v. Hernández Class, supra,* sólo habría sido aplicable si se hubiera notificado, transcurrido ya el plazo para apelar, que el tribunal había acogido la solicitud de reconsideración antes de expirar dicho término.

## IV

Así pues, es evidente que carecemos de jurisdicción para considerar la apelación presentada siete días después de expirado el término fatal aplicable. Regla 53.1(a) de Procedimiento Civil; *Sánchez v. Municipio de Cayey,* 94 D.P.R. 92 (1967); *López Rivera v. Autoridad Fuentes Fluviales,* 89 D.P.R. 414 (1963). Véanse también e.g., *Mfrs. H. Leasing v. Carib. Tubular Corp.*, 115 D.P.R. 428 (1984); *Sociedad Legal de Gananciales v. A.F.F.,* 108 D.P.R. 644 (1979).

Nos vemos obligados a desestimar la apelación, pues no existe discreción para asumir jurisdicción donde no la hay. *Martínez v. Junta de Planificación,* 109 D.P.R. 839, 842 (1980); *Maldonado v. Pichardo,* 104 D.P.R. 778, 782 (1976). De lo contrario, se perdería la certeza, uniformidad e igualdad en la aplicación del Derecho y nunca podría determinarse en qué momento adviene final y firme una sentencia.

Se desestima la apelación de epígrafe por falta de jurisdicción. Lo acordó y ordena el Tribunal y lo certifica la Secretaria General.

María de la C. González Cruz
Secretaria General

### ESCOLIOS 95 DTA 100

**1.** Esta segunda moción era innecesaria, no sólo en virtud del resultado al que llegamos en esta sentencia, sino también porque la Regla 16(C) de nuestro Reglamento provee precisamente treinta (30) días para que la parte apelada presente su alegato.

**2.** El Informe de la Comisión Legislativa Conjunta sobre Planes de Reorganización de la Rama Judicial de 24 de junio de 1994, pág. 71, no es claro. Se limita a mencionar los escritos de apelación y de *certiorari*, a pesar de que el texto del Artículo 4.001 no se circunscribe a esos escritos iniciales:

*"El Tribunal de Circuito de Apelaciones tendrá una sede única en la ciudad de San Juan y una secretaría propia ante la cual se someterán los recursos. Los escritos podrán ser presentados en dicha secretaría, o para facilitar el acceso igual de la ciudadanía a la justicia apelativa, las partes en un caso podrán presentar su recurso para la consideración del Tribunal de Circuito de Apelaciones ante la secretaría de la sede del Tribunal de Primera Instancia donde se resolvió el asunto objeto de revisión, surtiendo así el mismo efecto que una radicación directa ante la Secretaría del Tribunal de Circuito de Apelaciones. Es decir que dichas radicaciones tendrán lugar en la sede judicial donde el caso se vio en primera instancia, donde el Tribunal de Circuito de Apelaciones trasladará sus trabajos de vistas y sesiones públicas sobre dicho asunto cuando ello sea necesario."*

Como explicamos en esta Sentencia, limitar ese *"acceso igual de la ciudadanía a la justicia apelativa"* solamente a los apelantes y peticionarios y no a los apelados y recurridos no sería un *"acceso igual"*. Es por eso que entendemos que el Informe de la Comisión Legislativa Conjunta es ilustrativo pero no limitativo de los escritos que se pueden presentar tanto en las secretarías del Tribunal de Primera Instancia como en la Secretaría de este Tribunal. De lo contrario, el Informe sería opuesto al texto de la ley. Es este último el que nos obliga. Artículo 14 del Código Civil, 31 L.P.R.A. sec. 14.

**3.** El segundo párrafo del Artículo 4.001 del Plan de Reorganización Núm. 1 de la Rama Judicial, según sometido originalmente por el Gobernador el 15 de abril de 1994 para consideración legislativa, disponía:

*"El Tribunal de Apelaciones estará compuesto de una sola sección que se compondrá de veintiún (21) jueces.* **La Secretaría del Tribunal de Apelaciones estara integrada con la Secretaría del Tribunal Supremo de Puerto Rico desde la fecha de la vigencia de este Plan de Reorganización."** [Énfasis suplido.]

@La idea original era que el Tribunal Supremo refiriera al Tribunal de Apelaciones los casos presentados en la Secretaría del primero que eran de la competencia del segundo. Informe - Memorial Explicativo, Plan de Reorganización Núm. 1, Rama Judicial, 21 de abril de 1994, págs. 61-62. Por razones obvias, la Asamblea Legislativa entendió que era preferible prescindir de ese trámite burocrático de referimiento y dispuso que el foro intermedio apelativo tuviera su propia secretaría.