# 95 DTA 91

## TRIBUNAL DE CIRCUITO DE APELACIONES
## CIRCUITO REGIONAL VII DE CAROLINA Y FAJARDO

MARIA ANTONIA RIVERA Y OTROS
Demandantes-Apelados

v.

ESTADO LIBRE ASOCIADO DE
PUERTO RICO Y OTROS
Demandados-Apelantes

Núm. KLAN-95-00381

San Juan, Puerto Rico, a 2 de junio de 1995

Panel integrado por su presidenta, Juez Rivera de Martínez
y los Jueces Cabán Castro y Martínez Torres

Martínez Torres, Juez Ponente

## TEXTO COMPLETO DE LA SENTENCIA

Nos corresponde auscultar en este recurso cuál es el término para apelar ante este Tribunal en casos civiles en los que el Estado Libre Asociado es parte.

Concluimos que el plazo aplicable es el de treinta (30) días dispuesto por la Regla 53.1(a) de Procedimiento Civil. El término de sesenta (60) días estatuido en el inciso (b) de la misma Regla para los recursos de revisión ante el Tribunal Supremo dejó de estar vigente el 24 de enero de 1994 al entrar en vigor el Plan de Reorganización Núm. 1 de la Rama Judicial de 28 de julio de 1994, conocido como la *"Ley de la Judicatura de 1994"*.

Aunque entendemos que un resultado diferente podría ser de alta conveniencia administrativa para la Oficina del Procurador General, corresponde al Tribunal Supremo como parte de su poder constitucional de adoptar reglas de procedimiento, y a la Asamblea Legislativa en el ejercicio de su facultad para desaprobar, enmendar o complementar tales reglas, extender el plazo para apelar ante este Tribunal, si así lo entendieren necesario. Const. E.L.A., Art. V, Sec. 6. Hasta tanto ello ocurra, sólo podemos entender en aquellos recursos presentados dentro del plazo dispuesto en la citada Regla 53.1(a) para las apelaciones en casos civiles.

### I

Mediante Sentencia de 28 de noviembre de 1994, el antiguo Tribunal Superior, Sala de Carolina (Hon. Carlos Rodríguez García, Juez), emitió un *Injunction* permanente en el que ordenó al Departamento de Educación, sus representantes y funcionarios, a proveer servicios de educación especial al joven Gil Francisco Bravo Rivera, de conformidad al mandato de la Ley Pública Núm. 94-142, según enmendada, conocida como la *"Ley Federal de Educación para Niños con Impedimentos"* (20 U.S.C. sec. 1400 y ss.) y de la Ley Núm. 21 de 22 de julio de 1977, conocida como la *"Ley del Programa de Educación Especial"* (18 L.P.R.A. sec. 1331 y ss.). El tribunal también concedió a los demandantes --el menor Bravo Rivera y su madre, María Antonia Rivera-- un total de $190,000 como indemnización por daños y perjuicios, más las costas del proceso.

De dicha sentencia ambas partes han acudido ante este Tribunal. Los demandantes apelaron para reclamar exclusivamente que a tenor con lo dispuesto en 20 U.S.C. sec. 1415-(e)(4)(B) y en la Ley Federal de Derechos Civiles, 42 U.S.C. sec. 1988, se les conceda una partida de honorarios de abogado. Esa apelación, presentada a nombre de los demandantes por la Clínica de Asistencia Legal de la Universidad de Puerto Rico, fue presentada a tiempo, es decir dentro de los treinta (30) días dispuestos en la Regla 53.1(a), *supra*, lleva el número KLAN-95-00227 y se encuentra en trámite para su perfeccionamiento y consideración por este Tribunal.

Por su parte, los demandados, representados por la Oficina del Procurador General, presentaron el escrito de apelación de epígrafe el 18 de abril de 1995, es decir sesenta y un (61) días después de la notificación de una resolución que denegó una moción bajo la Regla 43.3 de Procedimiento Civil. Aducen los demandados-apelantes que *"[p]or disposición de la Regla 53 del Reglamento del Tribunal de Circuito de Apelaciones, aplica supletoriamente el plazo de sesenta (60) días para revisar sentencias finales de la Regla 53.1(b) de las Reglas de Procedimiento Civil de 1979, según enmendadas, 32 L.P.R.A. Ap. III, R.53.1(b)."* ■Se equivocan.

Mediante la ley Núm. 143 de 18 de julio de 1986, se extendió de treinta (30) a sesenta (60) días el plazo para presentar un escrito de revisión ante el Tribunal Supremo en los casos en que el Estado o sus funcionarios fueran parte. El plazo beneficiaba a todas las partes en el pleito. El propósito de esa enmienda a la Regla 53.1(b) de Procedimiento Civil fue dar un plazo al Estado, y en especial a la Oficina del Procurador General, para preparar adecuadamente sus escritos de revisión, dada la gran cantidad de revisiones en las que el Estado era parte. Como la apelación civil era un recurso poco frecuente, limitado a la apelación de sentencias del Tribunal de Distrito al Tribunal Superior y a la apelación de sentencias al Tribunal Supremo solamente cuando se planteaba una cuestión constitucional sustancial, el legislador no creyó apropiado ampliar el término para apelar en casos civiles.

El texto de la Regla 53.1(b), *supra*, limita su alcance a los recursos de revisión ante el Tribunal Supremo. Este recurso fue derogado por la nueva Ley de la Judicatura y sustituido por la apelación ante este Tribunal.

La Ley de la Judicatura de 1994 no establece un término para apelar ante nos. No se trata de una omisión. Es que existe una ley especial que establece el plazo de treinta (30) días para apelar ante cualquier tribunal apelativo. Regla 53.1(b), *supra*. Basada en la experiencia previa cuando el Tribunal Superior actuaba como tribunal apelativo intermedio entre el Tribunal de Distrito y el Tribunal Supremo, la Asamblea Legislativa no creyó necesario enmendar la Regla 53.1(b), *id.,* y ampliar así el término para apelar.

La Regla 53 de nuestro Reglamento no nos faculta a ampliar el término para apelar en casos civiles. Esta Regla meramente reafirma en su inciso (A) que aplican ante nos las Reglas de Procedimiento Civil siempre que no resulten incompatibles con la nueva Ley de la Judicatura, y que en ausencia de disposición alguna, este Tribunal está facultado para encauzar el trámite de los recursos de la manera más conveniente. Nada de eso puede llevar a este Tribunal a enmendar una regla debidamente aprobada por el Tribunal Supremo de Puerto Rico y no desaprobada por la Asamblea Legislativa, como es el caso de la Regla 53.1(a) de Procedimiento Civil. Debemos recordar que la Regla 14(A) de nuestro Reglamento señala que la apelación *"se formalizará... conforme a las disposiciones pertinentes de las Reglas de Procedimiento Civil...."*

Adviértase que cuando la Asamblea Legislativa quiso extender el plazo para la presentación de escritos bajo el nuevo ordenamiento de la Rama judicial, así lo dispuso. Con ello en mente, los legisladores mantuvieron en sesenta (60) días el plazo para presentar el escrito de *certiorari* ante el Tribunal Supremo para revisar las sentencias del Tribunal de Circuito de Apelaciones. Artículo 3.002(h) de la Ley de la Judicatura de 1994, *supra*. Evidentemente los legisladores conocían del plazo más largo para acudir al Tribunal Supremo pero no extendieron el término análogo para acudir ante este Tribunal. No podemos ahora ignorar esa distinción.

Puede que con la instauración del derecho de apelación en todos los casos civiles se haga necesario establecer un plazo más largo para presentar el escrito de apelación. Esa sin embargo, es una determinación que corresponde al Tribunal Supremo dentro de su facultad de

adoptar reglas de procedimiento y a la Asamblea Legislativa como parte de su poder para desaprobar, enmendar o complementar tales reglas. A pesar que han transcurrido once (11) meses desde que se aprobó la nueva Ley de la Judicatura, ni el Tribunal Supremo ni la Asamblea Legislativa han aprobado las nuevas reglas de procedimiento necesarias para el funcionamiento adecuado de la nueva estructura de la Rama Judicial. Esa inacción, no obstante, no faculta a este Tribunal a enmendar por *fiat* judicial la Regla 53.1(a) de Procedimiento Civil.

## II

En resumen, por existir un plazo establecido por la Regla 53.1(a) de Procedimiento Civil para presentar el escrito de apelación ante este Tribunal en casos civiles, no es posible recurrir a la Regla 53 de nuestro Reglamento para establecer otro plazo más largo. No estamos ante un vacío procesal que sea imperativo llenar. Corresponde al Tribunal Supremo y a la Asamblea Legislativa, en el ejercicio de sus facultades constitucionales, enmendar la Regla 53.1(a) de Procedimiento Civil para alcanzar el resultado que desea el Procurador General.

El término de treinta (30) días para presentar el escrito de apelación ante este Tribunal es jurisdiccional, y por lo tanto, improrrogable. *Sánchez v. Municipio de Cayey*, 94 D.P.R. 92 (1967); *López Rivera v. Autoridad Fuentes Fluviales*, 89 D.P.R. 414 (1963). Véanse también, e.g., *Mfrs. H. Leasing v. Carib. Tubular Corp.*, 115 D.P.R. 428 (1984); *Sociedad Legal de Gananciales v. A.F.F.*, 108 D.P.R. 644 (1979). En el caso de autos, el término para apelar venció el 20 de marzo de 1995. Sin embargo, los demandados apelaron el 18 de abril.

La Regla 31 del Reglamento del Tribunal de Circuito de Apelaciones dispone que a petición de parte o por iniciativa propia, este Tribunal puede desestimar un recurso presentado luego de haber expirado el término jurisdiccional aplicable. La razón para ello es evidente. No existe discreción para asumir jurisdicción donde no la hay. *Martínez v. Junta de Planificación*, D.P.R. 839, 842 (1980); *Maldonado v. Pichardo*, 104 D.P.R. 778, 782 (1976). De lo contrario, se perdería la certeza, uniformidad e igualdad en la aplicación del Derecho y nunca podría determinarse en qué momento adviene final y firme una sentencia.

Por consiguiente, se desestima el recurso de epígrafe por falta de jurisdicción. Lo acordó el Tribunal y lo certifica la Secretaria General

María de la C. González Cruz
Secretaria General

### ESCOLIOS 95 DTA 91

1. De ser aplicable el término de sesenta (60) días dispuesto en la Regla 53.1(b) de Procedimiento Civil para la presentación de escritos de revisión ante el Tribunal Supremo, el escrito de los demandados-apelantes habría sido presentado a tiempo. El día número sesenta (60) era feriado (lunes 17 de abril de 1995, natalicio de Don José de Diego), por lo que el término se extendería hasta el día sesenta y uno (61), próximo día laborable. Regla 68.1 de Procedimiento Civil.