Per Curiam

TEXTO COMPLETO DE LA SENTENCIA PARCIAL
I
El presente recurso de apelación fue presentado el 1 de mayo de 1995. Se recurre, mediante el escrito titulado "Alegato Enmendado", de varias sentencias parciales emitidas durante el mes de diciembre de 1994 por el Tribunal Superior, Sala de Mayaguez desestimando las reclamaciones por violación de derechos constitucionales y daños y perjuicios presentadas por los apelantes contra el Municipio de Añasco como consecuencia de la separación de su empleo de los apelantes luego del cambio de administración del municipio sobrevenido por virtud de las elecciones generales de 1992.
Los apelantes son veintidós (22) empleados cuyas demandas resultaron desestimadas por el Tribunal Superior. Las demandas de los apelantes Alberto Agrón Valentín, Edwin Alicea Torres, Carmen Alvarez, Héctor Arroyo Negroni, Anabel Crespo Class, Sonia González Juarbe, Sylvia Grant, Virginia González Soto, Edgar Matos, Juan Rivera, David Rivera Ujaque, Zulma Rodríguez Ruiz, Benjamín González Villarubia, Andrés Hernández González, Concepción García Viera y Doris *1154 Miranda Ramos fueron desestimadas mediante sentencias emitidas el 13 de diciembre de 1994 y archivadas en autos el 29 de diciembre de 1994. Dichos apelantes presentaron una oportuna solicitud de determinaciones de hecho adicionales, la cual fue denegada por el Tribunal el 17 de marzo de 1995, notificándose a los apelantes el 31 de marzo de 1995.
Las reclamaciones de los apelantes Francisco Balaguer Rosario, Miguel Beltrán Portugués, Mary Cabán Quiñones y Raúl Méndez Hernández fueron desestimadas mediante sentencias emitidas el 29 de diciembre de 1994 y archivadas en autos el 13 de febrero de 1995. Dichos apelantes no sometieron una solicitud de determinaciones adicionales de hecho.
La demanda del apelante Cirilo Durán Tubens fue originalmente desestimada mediante sentencia parcial del 30 de enero de 1992. Dicho dictamen fue reconsiderado y dejado sin efecto el 4 de agosto de 1993 sin que, alegadamente, el Tribunal de Primera Instancia hubiese llegado a adjudicar nuevamente dicha reclamación.
El escrito de la parte apelante no especifica la fecha en que se emitió sentencia parcial en torno a la reclamación del apelante Héctor Aponte Lamberty, aunque aclara que dicha sentencia fue notificada el 4 de febrero de 1995.
El 12 de julio de 1995, la parte apelada presentó una "Oposición a Petición de Apelación" donde solicitaba la desestimación del presente recurso en cuanto a varios de los apelantes por haber sido presentado fuera de jurisdicción. Por entender, a la luz de la exposición de hechos jurisdiccionales incluida en el escrito de la parte apelante, que carecemos de jurisdicción en cuanto a algunos de los apelantes, declaramos parcialmente con lugar dicha solicitud.
II
Conforme a la Regla 14(A) del Reglamento del Tribunal de Circuito de Apelaciones, el recurso de apelación debe ser presentado conforme a las disposiciones de las Reglas de Procedimiento Civil o de Procedimiento Criminal, según sea el caso. La presente apelación envuelve una sentencia de naturaleza civil, por lo que está gobernada por la Regla 53.1(a) de las de Procedimiento Civil, 32 L.P.R.A. Ap. Ill, 53.1(a). Dicho precepto establece que el recurso de apelación debe ser presentado "dentro de los treinta (30) días siguientes al archivo en autos de una copia de la notificación de la sentencia".
En el presente caso, la sentencia desestimatoria del apelante Héctor Aponte Lamberty fue archivada en autos el 4 de febrero de 1995. Las demandas de los apelantes Francisco Balaguer Rosario, Miguel Beltrán Portugués, Mary Cabán Quiñones y Raúl Méndez Hernández fueron archivadas en autos el 13 de febrero de 1995. Los términos para apelar para dichas partes expiraron los días 6 y 15 de marzo de 1995, respectivamente, por lo que debemos concluir que el recurso presentado resulta tardío en cuanto a dichas partes.
La parte apelante invoca el plazo de sesenta (60) días concedido para los recursos de revisión de sentencias en casos civiles en situaciones en que están envueltos el Estado, sus funcionarios o instrumentalidades y los municipios de Puerto Rico. Dicho plazo fue introducido por virtud de la enmienda a la Regla 53.1(b) de las de Procedimiento Civil llevada a cabo por la Ley Núm. 143 de 18 de julio de 1986.
La Ley de la Judicatura de Puerto Rico de 1994, mediante su art. 4.002(a), sin embargo, estableció que el vehículo procesal para la revisión de sentencias finales del Tribunal de Primera Instancia ante este foro es la apelación. Este recurso está regido por la Regla 53.1(a) de las de Procedimiento Civil, la cual no fue objeto de enmienda por la citada Ley Núm. 143. Al substituirse el vehículo procesal para la revisión de sentencias emitidas por el Tribunal de Primera Instancia en casos civiles, por lo tanto, sin que se hubiera enmendado el plazo establecido para la presentación de los recursos de apelación, debemos concluir que el plazo aplicable a los recursos presentados bajo la nueva ley lo es el de treinta (30) días. Así lo hemos resuelto antes, así como una mayoría de los otros Circuitos que han considerado esta cuestión. Véanse, e.g., Silva Román v. Administración del Derecho al Trabajo, KLAN-95-00933 (sentencia del 30 de agosto de 1995); Liga Ecológica del Noroeste v. Depto. de Justicia, KLAN-95-00611 (sentencia de 28 de junio de 1995); Urban Piñeiro v. Estado Libre *1155 Asociado, KLAN-95-00618 (sentencia de 28 de junio de 1995); véanse, además, Lebrón Camacho v. Estado Libre Asociado, KLAN-95-00328 (sentencia de 30 de mayo de 1995); Rivera v. Estado Libre Asociado, 95 DTA 91, KLAN-95-00381 (sentencia de 2 de junio de 1995); Federación de Maestros de P.R. v. Dpto. de Educación, KLAN-95-00659 (sentencia de 30 de junio de 1995); pero, véase, Alco Corporation v. Municipio de Morovis, KLAN-95-00199 (resolución del 4 de mayo de 1995).
En cuanto al apelante Cirilo Durán Tubens, debemos concluir, similarmente, que carecemos de jurisdicción para entender en su recurso, por cuanto, en cuanto a dicho apelante aún no ha recaído una sentencia final.
Por los fundamentos expresados, se desestima la apelación en cuanto a los apelantes Francisco Balaguer Rosario, Miguel Beltrán Portugués, Mary Cabán Quiñones, Raúl Méndez Hernández, Cirilo Durán Tubens y Héctor Aponte Lamberty, conforme a la Regla 31(B)(1) y (C) del Reglamento de este Tribunal.
Lo pronunció el Tribunal y lo certifica la señora Secretaria General.
María de la C. González Cruz
Secretaria General
ESCOLIOS 95 DTA 295
1. Mediante resoluciones del 17 de mayo, 21 de junio, 28 de junio y 24 de agosto de 1995, ordenamos a la parte apelante corregir las deficiencias en su recurso original. Aunque el último de los escritos presentados aún contiene algunos defectos, hemos optado por considerar el mismo, para fines de este dictamen.