# 96 DTA 72

## TRIBUNAL DE CIRCUITO DE APELACIONES
## CIRCUITO REGIONAL DE ARECIBO Y UTUADO

JAVIER VERA VELEZ
Demandante-Recurrido

v.

SECRETARIO DE JUSTICIA, ESTADO LIBRE ASOCIADO DE P.R.
Demandado-Peticionario

Núm. KLCE-95-01040

San Juan, Puerto Rico, a 30 de abril de 1996

Panel integrado por su presidente, Juez Arbona Lago
y los Jueces Giménez Muñoz y Salas Soler

Arbona Lago, Juez Ponente

### TEXTO COMPLETO DE LA SENTENCIA

El 14 de julio de 1995 se le ocupó al Sr. Javier Vera Vélez el vehículo Toyota Corolla, tablilla 51G498, por presuntamente haber sido utilizado en violación a la Ley de Sustancias Controladas. El 28 de julio de 1995 se notificó la confiscación y el día 31 de ese mes el señor Vera presentó acción de impugnación de confiscación en la causa civil LAC-95-0071. No empero, el emplazamiento al Secretario de Justicia no se diligenció hasta el 13 de septiembre de 1995. Oportunamente el Secretario de Justicia presentó moción de desestimación argumentando que el emplazamiento fue realizado transcurrido el término jurisdiccional provisto por ley. El Tribunal de Primera Instancia, Sala Superior de Utuado, declaró No Ha Lugar tal moción de desestimación y de ello recurre el Secretario de Justicia.

Mediante Resolución del 13 de marzo de 1996, notificada el 28 de igual mes y año, concedimos al demandante-recurrido veinte (20) días para mostrar causa por la cual no debamos expedir para revocar y desestimar la acción de impugnación de confiscación. El término concedido ha transcurrido en exceso y el demandante-recurrido no ha comparecido. Nos encontramos en condición de resolver conforme intimado.

Respecto al trámite judicial que aquí nos ocupa la Ley Uniforme de confiscaciones, según enmendada, en su artículo 8, 34 L.P.R.A. 1723(f) dispone:

*"Las personas notificadas a tenor con lo dispuesto en este Capítulo podrán impugnar la confiscación dentro de los quince (15) días siguientes a la fecha en que se reciba la notificación mediante la radicación de una demanda contra el Estado Libre Asociado de Puerto Rico y el funcionario que autorizó la ocupación, **debiéndose emplazar al Secretario de Justicia dentro de los treinta (30) días siguientes a la fecha en que se recibió la notificación.** Estos términos son jurisdiccionales. El Secretario de Justicia formulará sus alegaciones dentro de los veinte (20) días de haber sido emplazado."* (Enfasis suplido).

Se trata de un asunto de orden jurisdiccional, no susceptible de ser subsanado y reclamable en cualquier etapa del proceso, inclusive por el Tribunal *"motu proprio"*. *Pacheco Otero v. Eastern Medical,* **94 J.T.S. 49,** *Cándido Vázquez v. ARPE,* **91 J.T.S. 53.**

Estamos ante un precepto de ley meridianamente diáfano, que no presenta dificultad interpretativa en cuanto a su lectura, sentido o intención. Se trata de un trámite del orden sumario en el cual la justicia sustancial ha de quedar bien servida si todos los interesados patricipantes actúan con premura, como la ley así lo requiere. En tales circunstancias debemos atenernos a la rigurosa observancia de la ley. *Cotto Guadalupe v. Depto. de Educación,* **95 J.T.S. 79.**

En *Martínez Díaz v. E.L.A.,* **92 J.T.S. 170,** el Tribunal Supremo de Puerto Rico reiteró que nuestro sistema de derecho se funda en el reclamante diligente y cuando se trata de términos de naturaleza jurisdiccional, de ordinario nos confrontamos además con un término de índole fatal, por ser ello ley sustantiva de máximo interés público.

*"El enfoque judicial de estricta observancia, responde al mandato constitucional que no permite el menoscabo o modificación de derechos sustantivos por parte de las Reglas procesales. Art. V., sec. 6, Constitución del E.L.A. Y ciertamente, la materia que regula la prescripción de acciones y derechos en Puerto Rico es de índole sustantiva y no procesal, siéndole aplicable este principio rector. Febo Ortega v. Tribunal Superior, 102 D.P.R. 405, 407 (1974); Olmo v. Young & Rubicam, Inc., 110 D.P.R. 740, 742-743 (1981)." Martínez Díaz v. E.L.A., supra,* pág. 10202.

En el vehículo de referencia se ocupó cocaína, fue tasado en $600 y afianzado por su dueño. El estado notificó de la ocupación con propósito confiscativo en tiempo hábil y el demandante presentó su impugnación el 31 de julio de 1995, es decir, el mismo día en que recibió la notificación de la confiscación y por tanto en el mismo día en que comenzó el término de quince (15) días que para ello tenía. El emplazamiento fue expedido por secretaría **el 4 de agosto de 1995.**

No obstante la ley disponer con carácter jurisdiccional que el emplazamiento será diligenciado ante el Secretario de Justicia dentro de los 30 días siguientes a la notificación (aquí sería el 31 de julio de 1995), el emplazamiento fue diligenciado el 13 de septiembre de 1995, es decir, a los 44 días de la notificación y 40 días de la expedición del emplazamiento. ■

Esta causa no informa de una situación excepcional, como lo sería que la Secretaría del Tribunal de Primera Instancia no expidiese el emplazamiento dentro de esos treinta (30) días dispuestos en el Art. 8 de la ley, *supra*; o lo expide ya transcurrido una parte sustancial de dicho término, que a su vez constituya un estorbo injustificado, que dificulte o impida al demanante cumplir con tal mandato de ley. En tales casos la norma sería otra, pues el debido proceso de ley ni el derecho coexisten para exigir cosas imposibles, absurdas, inútiles o innecesarias. *Pueblo v. Andrew,* 105 D.P.R. 315 (1976) y tal anomalía procesal habría que salvarla, en cumplimiento de la Ley Mayor. ■

Somos en Instancia un sistema judicial de jurisdicción general que para privársele de jurisdicción en un caso en específico ha de ser mediante disposición expresa o implicación necesaria de la ley (véase *Junta de Directores Condominio Montebello v. Fernández,* **94 J.T.S. 80**), cumpliendo también con los preceptos del debido proceso de ley enunciados en el Art. II, sección 7 de la Constitución del E.L.A. y 5ta. y 14va. enmiendas de la Constitución Federal. Pero cuando ello ocurre, la falta de jurisdicción impide la actuación.

*"La falta de este tipo de jurisdicción conlleva las siguientes consecuencias inexorablemente fatales: (1) esta falta de jurisdicción no es susceptible de ser subsanada; (2) las partes no pueden*

*voluntariamente otorgarle jurisdicción sobre la materia a un tribunal, ni el tribunal puede abrogársela; (3) los dictámenes de un foro sin jurisdicción sobre la materia son nulos (nulidad absoluta); Rodríguez v. Registrador, 75 D.P.R. 712, 716, 726 (1953); (4) los tribunales tienen el ineludible deber de auscultar su propia jurisdicción; (5) los tribunales apelativos, además, deberán examinar la jurisdicción del foro de donde procede el recurso; y (6) el planteamiento de falta de jurisdicción sobre la materia puede hacerse en cualquier etapa del procedimiento, por cualesquiera de las partes o por el tribunal "motu proprio". López Rivera v. Autoridad de Fuentes Fluviales,* 89 D.P.R. 414, 419 (1963)." *Cándido Vázquez v. ARPE,* **91 J.T.S. 53**, pág. 8661.

La jurisdicción es de estirpe sustantivo y controla el ámbito procesal. No la crea el Poder Judicial, pero este es el que viene obligado a velar por ella en toda etapa del proceso y no es presumible. Quien la invoca está obligado a su acreditación, conforme lo disponga el ordenamiento procesal. *Soc. de Gananciales v. A.F.F.,* 108 D.P.R. 644, pág. 645; *Matos v. Metropolitan,* 104 D.P.R. 122, pág. 125; *Vázquez v. A.R.P.E.,* **91 J.T.S. 53.** Regla 15(B) (3) del Reglamento del Tribunal de Circuito Apelativo, 3 de febrero de 1995.

Tal requisito reglamentario es de insoslayable cumplimiento y no puede dejarse al arbitrio de las partes en cuanto a su acatamiento, no es renunciable. *Cárdenas v. Rodríguez,* 119 D.P.R. 642.

Un tribunal carece de jurisdicción para considerar una Apelación presentada luego de expirado el término fatal de la Regla 53.1(a), *López v. A.F.F.,* 89 D.P.R. 414, *Sánchez v. Municipio de Cayey,* 94 D.P.R. 92, *Soc: de Gananciales v. A.F.F.,* 108 D.P.R. 644, Mfrs. *M. Leasing v. Caribe,* 115 D.P.R. 428. Igual ocurre con relación a las leyes especiales, como la que aquí nos ocupa y con el *Certiorari,* cuando tampoco se justifica la dilación junto a la radicación de la petición.

De ordinario no existe discreción para asumir jurisdicción donde no la hay. *Martínez v. Junta,* 109 D.P.R. 839, 842; *Maldonado v. Pichardo,* 104 D.P.R. 778, pág. 782.

Nada justifica aquí que el demandante tardase en exceso del término concedido por ley, con carácter jurisdiccional, para emplazar al Secretario de Justicia de Puerto Rico. Al así actuar dejó caducar el derecho impugnatorio que la misma ley le otorga.

Por todo lo anteriormente expuesto se expide el auto de *certiorari* solicitado y se desestima la acción de impugnación de confiscación presentada por el demandante-recurrido, Sr. Javier Vera Vélez.

Así lo pronunció y manda el Tribunal y lo certifica la Secretaria General.

Sonia Pacheco Román
Secretaria General

### ESCOLIOS 96 DTA 72

**1.** La expedición del emplazamiento es función ministerial de la secretaría del Tribunal, aunque por costumbre la parte interesada es la que suple el formulario. Se trata de un documento judicial. A tal respecto dispone la Regla 4.1 de Procedimiento Civil de 1979.

*"Regla 4.1. Expedición*

*Presentada la demanda, el secretario expedirá inmediatamente un emplazamiento y lo entregará al demandante o a su abogado. A requerimiento del demandante, el secretario expedirá emplazamientos individuales o adicionales contra cualesquiera demandados."*

**2.** En el caso Núm. KLCE-96-00125 señalamos al respecto:

*"El debido trámite judicial no tiene un mecanismo inflexible, universal y matemático en su aplicación. Se ha dicho por el Juez Presidente Warren, en Hannah v. Larche, 363 US 420, 1514-1515, (1960), que:*

*"Due process is an elusive concept. Its exact boundaries are undefinable, and its content varies according to specific factual contexts."* (pág. 1514 [7]).

*"Therefore, as a generalization, it can be said that due process embodies the differing rules of fair play which through the years, have become associated with differing types of proceedings. Whether the Constitution requires that a particular right obtained in a specific proceeding depends upon a complexity of factors, the nature of the alleged right involved, the nature of the proceeding and the possible burden on that proceeding, are all considerations which must be taken into account."* (pág. 1515 [7]).

Una década antes, otro ilustre jurista, el Juez Asociado Félix Frankfurter señaló en *Solesbee v. Balkcom,* 339 US 9 (1950) que:

*"It is now the settled doctrine of this Court that the due process clause embodies a system of rights based on moral principles so deeply imbeded in the traditions and feelings of our people as to deemed fundamentals to a civilized society as conceived by our whole history. Due process is that which comports with the deepest notions of what is fair and right and just."*