MANUFACTURERS HANOVER LEASING CORP., demandante y recurrida, *v.* CARIBBEAN TUBULAR CORPORATION y OTROS, demandados y recurrentes.

*Número:* R-84-144     *Resuelto:* 16 de mayo de 1984

*Maximiliano Trujillo González,* abogado de los recurrentes; *Arturo Pérez Figaredo,* de *McConnell, Valdés, Kelley, Sifre, Griggs & Ruiz Suria,* abogado de la recurrida.

PER CURIAM: El 9 de febrero de 1984 el Tribunal Superior, Sala de Bayamón, dictó sentencia en el presente caso, la cual fue archivada en autos el 14 de febrero. Posteriormente

Caribbean Tubular Corp. (Caribbean), junto a los demás demandados, presentó una moción para enmendar los hechos determinados en la sentencia y añadir otros. Mediante resolución emitida el 6 de marzo de 1984 y archivada en autos el 8 de ese mes, el tribunal declaró la moción con lugar en parte y sin lugar en parte.

Caribbean acudió en alzada ante este Tribunal mediante una solicitud de revisión presentada el 9 de abril de 1984 a las 4:45 P.M., esto es, el último día hábil para ello. Tal solicitud no incluyó el apéndice requerido por la Regla 17(f) del Reglamento del Tribunal Supremo de Puerto Rico, 4 L.P.R.A. Ap. I-A, Regla 17. En su lugar presentó una moción que tituló "Moción para Radicar por Separado el Apéndice", en la cual expresa:

Que el Apéndice consta de 235 páginas y no ha terminado de reproducirse en todas sus páginas al momento necesario para la radicación de la solicitud en este caso.

Solicitó que se le permitiera presentar el apéndice por separado dentro de los próximos dos días laborables.

■ La solicitud de revisión presentada por Caribbean incumple tanto con lo dispuesto por el Reglamento del Tribunal Supremo como por las Reglas de Procedimiento Civil. El referido reglamento dispone que al presentarse un recurso de revisión:

Se hará formar parte de la solicitud un apéndice que contendrá una copia literal de: (1) Las alegaciones de las partes y la sentencia cuya revisión se solicita incluyendo las conclusiones de hecho y de derecho en que se funda; (2) cualquier otra resolución u orden del tribunal de instancia, o escrito de cualquiera de las partes, en que se discuta expresamente cualquier asunto que se plantee en la revisión; (3) cualquier otro documento que forme parte de los autos en el tribunal de instancia, y que el recurrente estime indispensable a este Tribunal para tomar su decisión sobre la expedición del auto. Regla 17(f).

■ La Regla 52.1 de Procedimiento Civil por su parte

dispone que "[t]odo procedimiento de apelación, revisión y certificación se tramitará de acuerdo con estas reglas y las reglas que adopte el Tribunal Supremo de Puerto Rico". El término para presentar un recurso de revisión es de treinta días a partir del archivo en autos de una copia de la notificación de la sentencia recurrida. Regla 53.1 de Procedimiento Civil. El término es jurisdiccional.

La moción presentada por Caribbean para solicitar que se extienda el término para incluir el apéndice requerido por el Reglamento de este Tribunal equivale a una moción de prórroga. Las solicitudes de prórroga deben presentarse con no menos de tres días laborables, antes de expirar el plazo cuya prórroga se solicita. Regla 48 del Reglamento del Tribunal Supremo. La moción de Caribbean fue presentada fuera de término, por lo cual debe denegarse. El recurso de revisión, además, el cual sólo estuvo completo al incluirse el apéndice requerido por el Reglamento, también fue presentado fuera de término. Aun en caso de haberse presentado la moción dentro del plazo reglamentario, es improrrogable el término para la presentación del recurso con su apéndice, por ser aquél de índole jurisdiccional. Regla 48(b) del Reglamento.

A la luz de lo anteriormente expuesto, *se declarará sin lugar el auto solicitado.*

El Juez Asociado Señor Rebollo López concurre en el resultado sin opinión.