# 95 DTA 39

## TRIBUNAL DE CIRCUITO DE APELACIONES
## CIRCUITO REGIONAL II DE BAYAMON

EL PUEBLO DE PUERTO RICO
Recurrido

v.

DANIEL CORDERO ROJAS, DAVID CORDERO ROJAS, RICARDO GUZMAN PEREZ, MIRIAM CRUZ ORTIZ
Peticionarios

Núm. KLCE-95-00129

San Juan, Puerto Rico, a 28 de marzo de 1995

Panel integrado por su presidenta, Juez Fiol Matta
y las Jueces Rodríguez de Oronoz y López Vilanova

Fiol Matta, Juez Ponente

## TEXTO COMPLETO DE LA SENTENCIA

Daniel Cordero Rojas y David Cordero Rojas solicitan la revisión mediante *certiorari* de una resolución del Tribunal de Primera Instancia de Puerto Rico, Sala Superior de Bayamón, que denegó una solicitud de desestimación al amparo de la Regla 64(P) de Procedimiento Criminal (34 L.P.R.A. Ap. II) y una solicitud de supresión de evidencia. Simultáneamente, solicitan la paralización del juicio pautado para comenzar el 30 de marzo de 1995.

Examinado el expediente, constatamos que los peticionarios no acompañaron con su recurso la documentación necesaria para ponernos en condiciones de determinar si procede o no procede la expedición del auto solicitado. El Reglamento del Tribunal de Circuito de Apelaciones reglamenta el recurso de *certiorari* a través de las reglas 18, 19 y 20. Mediante la Regla l9(E) se requiere que toda petición de *certiorari* incluya un apéndice que debe contener una copia literal de:

*"1. las alegaciones de las partes;*

*2. la decisión del Tribunal de Primera Instancia cuya revisión se solicita, incluso las conclusiones de hecho y de derecho en que esté fundada, si las hubiere;*

*3. cualquier otra resolución, orden o escrito de cualesquiera de las partes que forme parte del legajo en el Tribunal de Primera Instancia y en que esté discutido cualquier asunto planteado en la petición de certiorari, y*

*4. cualquier otro documento que forme parte del récord en el Tribunal de Primera Instancia y que pueda ser útil al Tribunal de Circuito de Apelaciones para tomar su decisión sobre la expedición del auto."*

No son éstas normas superfluas ni formalismos o tecnicismos innecesarios. Por el contrario, sirven el propósito de asegurar que el tribunal apelativo pueda ejercer su función revisora y tener ante sí la información básica necesaria para evaluar los méritos de un recurso. Es por eso que *"[l]os abogados vienen obligados a cumplir fielmente el trámite prescrito en las leyes y reglamentos aplicables para el perfeccionamiento de los recursos instados"* ante el foro apelativo. *Matos v. Metropolitan Marble Corp.,* 104 D.P.R. 122, 125 (1975); *Mfrs. H. Leasing v. Caribbean Tubular Corp.* 115 D.P.R. 428 (1984); *Cárdenas Maxán v. Rodríguez,* 119 D.P.R. 119-642 (1987. No lo hizo así el recurrente y nos vemos por ello impedidos de considerar los méritos de sus alegaciones. Por estos motivos y de conformidad con la Regla 31(C ) del Reglamento de este Tribunal se desestima el recurso presentado y la moción en auxilio de jurisdicción que lo acompaña.

Notifíquese por la vía ordinaria y adelántese por teléfono y facsímil.

Así lo acordó y manda el Tribunal y lo certifica la Secretaria General.

María de la C. González Cruz
Secretaria General