# 96 DTA 48

### TRIBUNAL DE CIRCUITO DE APELACIONES
### CIRCUITO REGIONAL DE PONCE Y AIBONITO
### PANEL I

ANA MARIA HERNANDEZ SANTOS, VICTOR MANUEL PADILLA SANTIAGO Y EN REPRESENTACION DE LA MENOR, MARISABEL PEREZ HERNANDEZ, JOSE ANGEL Y ANNIEBEL TODOS DE APELLIDOS PEREZ HERNANDEZ; MODESTA SANTOS TORRES Y GERTRUDIS HERNANDEZ RIVERA
Demandantes-Apelantes

v.

GAMALIER MORALES, SUPERINTENDENTE AUXILIAR DE ESCUELAS, JOSE ANTONIO RIVERA,MERCEDES ALICEA, ADA PADILLA TORRES, LUZ A. BERMUDEZ PEREZ SUPERINTENDENTE ESCOLAR DE COMERIO; CELESTE BENITEZ, SECRETARIA DE EDUCACION; Y HECTOR RIVERA CRUZ EN REPRESENTACION DEL ESTADO LIBRE ASOCIADO DE PUERTO RICO; JOHN DOE, SUSAN DOE
Demandados-Apelados

Núm. KLAN-95-00780

San Juan, Puerto Rico, a 20 de marzo de 1996

Panel integrado por su presidente, Juez Sánchez Martínez
y los Jueces Córdova Arone y Segarra Olivero

Segarra Olivero, Juez Ponente

## TEXTO COMPLETO DE LA SENTENCIA

El presente recurso fue presentado el 14 de julio de 1996. No habiéndose realizado trámite ulterior alguno para perfeccionar el recurso, el 12 de septiembre de 1996 el Estado Libre Asociado de Puerto Rico, representado por el Procurador General, radicó una Moción de Desestimación fundamentada en la violación de la parte demandante a la Regla 37 del Reglamento del Tribunal de Circuito de Apelaciones, 4 L.P.R.A. Ap. XXII R 37, que en lo pertinente, dispone:

*"(A) La parte apelante de una sentencia en un caso civil será responsable de la preparación de un apéndice conjunto que se presentará al Tribunal de Circuito de Apelaciones que sustituirá el legajo en apelación.*

*(B) El apéndice conjunto se presentará dentro del término de treinta (30) días a partir de la presentación del escrito de apelación. En aquellos casos en que se ordene la preparación de una exposición narrativa de la prueba oral, el apéndice conjunto se presentará dentro de los diez (10) días contados a partir de los términos dispuestos en la Regla 42. En los casos en que se ordene la transcripción de la prueba, el apéndice conjunto se presentará dentro de los diez (10) días contados a partir del plazo que conceda el tribunal según lo dispuesto en al Regla 43."*

El 20 de septiembre de 1996 la parte apelante radicó una Moción en Oposición a Solicitud de Desestimación, en la que alegó que había cumplido estrictamente con los requisitos exigidos por la Regla 15 del Reglamento del Tribunal de Circuito de Apelaciones. En lo que concierne al cumplimiento con la Regla 37 de nuestro Reglamento, en los párrafos 4 y siguientes de su Moción en Oposición a Solicitud de Desestimación, intenta justificar su incumplimiento con los siguientes argumentos que transcribimos textualmente:

*"4. El Estado Libre Asociado de Puerto Rico fundamenta su moción a la luz de la Regla 37 en la que dispone que se presentará un apéndice conjunto dentro del término de treinta (30) días a partir de la presentación del escrito de apelación. Dicha regla no debe interpretarse aisladamente. Veamos.*

*De una lectura de la totalidad del Reglamento del Tribunal de Circuito de Apelaciones se desprende que el apéndice conjunto contendrá como parte de los documentos copia de la exposición narrativa. A tales efectos, sería imposible radicar dicho apéndice conjunto dentro del término de treinta (30) días hasta tanto no esté aprobado la exposición narrativa, a tenor con la Regla 42. Por consiguiente, dicho término no podrá ser de estricto cumplimiento, para que proceda la desestimación.*

*5. El presente caso fue resuelto por el Tribunal de Primera Instancia, Sala Superior de Aibonito, mediante una Solicitud de Sentencia Sumaria; siendo ello así, la Regla 42, Exposición Narrativa sería inaplicable porque tales mecanismos procesales disponen del pleito sin el recibo de la prueba oral.*

*6. Siendo inaplicable en el presente caso la Regla 42, se podría interpretar que habría que cumplir con la Regla 37, lo cual muy respetuosamente entendemos que tampoco es de aplicación; ya que la parte demandante-apelante conjuntamente con el Escrito de Apelación presentó un apéndice. Máxime cuando la Regla 36 dispone que no será necesario incluir en un apéndice conjunto un documento que haya sido incluido en un escrito anterior dentro del mismo caso. Por consiguiente, no procede la desestimación del recurso interpuesto."*

El 4 de octubre de 1996 emitimos la siguiente Resolución:

*"En vista de que han pasado más de ochenta (80) días desde que se radicó el escrito de apelación en el caso de epígrafe y no se ha cumplido con las disposiciones de la Regla 37 del Reglamento del Tribunal de Circuito de Apelaciones el apelado ha solicitado la desestimación del presente recurso.*

*Ante esta situación concedemos a la apelante el término de cinco (5) días a partir de la notificación de la presente resolución para que exponga los motivos y fundamentos, si alguno por los cuales no debamos desestimar el presente recurso."*

El 9 de octubre de 1996 la parte apelante compareció ante nos mediante Moción en Cumplimiento de Orden, en la cual reproduce textualmente los fundamentos invocados en su anterior Moción en Oposición a Solicitud de Desestimación.

Así las cosas, el 17 de octubre de 1996 el Procurador General, radicó Oposición a Moción en Cumplimiento de Orden. Sus argumentos y su análisis sobre la situación procesal nos lucen certeros y muy convincentes y los reproducimos fielmente a continuación:

*"En su 'Moción en Cumplimiento de Orden' la parte apelante argumenta, en síntesis, que no era necesario que presentara el Apéndice Conjunto que ordena la Regla 37 del Reglamento, supra, porque ya había incluido un 'apéndice' como parte de su escrito de apelación. El Procurador General entiende, muy respetuosamente, que dicha conclusión es errónea como cuestión de hecho al igual que como cuestión de derecho. Veamos.*

*La parte apelante presentó un apéndice de tres documentos con veintiocho (28) páginas en total, estos son:*

*1. Apéndice 1 - Sentencia del Tribunal de Primera Instancia, Sala Superior de Aibonito, págs. 1-11.*

*2. Apéndice 2 - Moción en Solicitud de Sentencia Sumaria, págs. 12-19.*

*3. Apéndice 3 - Moción en Oposición a Solicitud de Sentencia Sumaria, págs. 20-28.*

*Como cuestión de hecho dicho apéndice no contiene las alegaciones presentadas en el pleito, es decir, la demanda, la contestación a la demanda, la demanda enmendada, ni la contestación a la demanda enmendada. El apéndice presentado por la apelante tampoco contiene los anejos incluidos en la "Moción en Solicitud de Sentencia Sumaria" presentada por los representantes del Estado Libre Asociado, los cuales constituyen parte integral de la misma, y son esenciales para una adjudicación en los méritos. Estos son: "Primer Interrogatorio" de 10 de agosto de 1992, "Contestación a Interrogatorio" del 30 de septiembre de 1992, y "Deposición" del 8 de enero de 1993 tomada a Ana M. Hernández y a la menor Marisabel Pérez Hernández.*

*Como cuestión de derecho los documentos antes mencionados son esenciales para la evaluación en los méritos de una solicitud para que el foro de instancia dicte sentencia sumariamente, y a su vez, para que el tribunal apelativo pueda evaluar adecuadamente dicha decisión.*

*La Regla 36.3 de las de Procedimiento Civil de 1979, dispone lo siguiente:*

*"La moción se notificará a la parte contraria con no menos de diez (10) días de anticipación a la fecha señalada para la vista. Con anterioridad al día de la vista, la parte contraria podrá notificar*

*contradeclaraciones juradas. La sentencia solicitada se dictará inmediatamente si las alegaciones, deposiciones, contestaciones a interrogatorios y admisiones ofrecidas, en unión a las declaraciones juradas, si las hubiere, demostraren que no hay controversia real sustancial en cuanto a ningún hecho material y que como cuestión de derecho debe dictarse sentencia sumaria a favor de la parte promovente. Podrá dictarse sentencia sumaria de naturaleza interlocutoria resolviendo cualquier controversia entre cualesquiera partes que sea separable de las controversias restantes. Dicha sentencia podrá dictarse a favor o en contra de cualquier parte en el pleito." (Enfasis suplido)*

*Los errores que la parte apelante alega fueron cometidos por el tribunal de instancia requieren que se evalúe detenidamente las razones que tuvo dicho foro para dictar sentencia sin la celebración de una vista en su fondo, y a su vez, requiere que se determine si la misma fue dictada conforme a derecho.*

*Ciertamente la parte apelante no ha puesto en posición a este Honorable Tribunal de poder evaluar adecuadamente todos los elementos que el foro de instancia tuvo ante su consideración al adjudicar la solicitud de sentencia sumaria presentada por el Estado Libre Asociado. El apéndice presentado por la parte apelante no cumple con los requisitos de la Regla 37 del Reglamento, supra, y por consiguiente, procede que se ordene la desestimación del recurso tal y como fuera solicitado anteriormente por la parte aquí compareciente."*

La parte apelante no sólo ha incumplido crasamente con las disposiciones de la citada Regla 37, sino que ha actuado en forma contumaz al ignorar las claras intimaciones contenidas en nuestra Resolución del 4 de octubre de 1996. Se ha aferrado obstinadamente a una interpretación acomodaticia de las disposiciones de la Regla 37 de nuestro Reglamento, que ha conducido a un curso procesal que este Tribunal no puede permitir: ocho (8) meses después de la radicación del recurso todavía no se ha presentado el apéndice conjunto.

El incumplimiento con los reglamentos de los procesos apelativos *"acusa desconocimiento de los mismos, cuando no su negligente o involuntaria desobediencia". In Re: Reglamento del Tribunal Supremo,* 116 D.P.R. 670, 672 (1985). Es totalmente impermisible dejar al arbitrio de las partes qué disposiciones reglamentarias debe acatarse y cuáles no. *Cárdenas Maxán v. Rodríguez,* 119 D.P.R. 642, 659 (1987); *Matos v. Metropolitan Marble Corp.,* 104 D.P.R. 122, 125 (1975).

Todo abogado que comparezca ante un foro apelativo debe estar adecuadamente familiarizado con su reglamento. *In re: Vélez Valentín,* 124 D.P.R. 403 (1989). Nos hacemos eco de las manifestaciones del Tribunal Supremo de Puerto Rico en *Matos v. Metropolitan Marble Corp, supra,* a los efectos de que los abogados están obligados a cumplir fielmente con el trámite prescrito en las leyes y reglamentos para el perfeccionamiento de los recursos instados ante nos. De ahí que este Tribunal requiera el más estricto y celoso cumplimiento de las disposiciones de nuestro Reglamento.

El Tribunal Supremo de Puerto Rico ha establecido que la aceptación de una encomienda apelativa impone sobre los abogados el deber de adquirir los conocimientos procesales y sustantivos requeridos por este tipo de trámite, así como de desplegar la preparación y dedicación correspondientes. In re: Vélez Valentín, *supra.* La complejidad de los cambios introducidos en nuestra jurisdicción por la Ley de la Judicatura de Puerto Rico de 1994 y los numerosos reglamentos adoptados para implementar la misma hacen doblemente imperativo que los abogados de esta jurisdicción ejerzan toda la diligencia posible para conocer y cumplir con los procedimientos ante este Tribunal.

En innumerables ocasiones hemos expresado que las reglas del Tribunal de Circuito de Apelaciones no son normas superfluas ni formalismos o tecnicismos innecesarios. Por el contrario, sirven el propósito de asegurar que el tribunal apelativo pueda ejercer su función revisora y tener ante sí la información básica necesaria para evaluar los méritos de un recurso. Es por eso que "[l]os abogados vienen obligados a cumplir fielmente el trámite prescrito en las leyes y reglamentos aplicables para el perfeccionamiento de los recursos instados" ante el foro apelativo. *Matos v. Metropolitan Marble Corp., supra; Mfrs. H. Leasing v. Caribbean Tubular Corp.,* 115 D.P.R. 428 (1984); *Cárdenas Maxán v. Rodríguez, supra.*

Por los fundamentos expresados, y en virtud de lo dispuesto en la Regla 31 (B) (3) del Reglamento

del Tribunal de Circuito de Apelaciones, 4 L.P.R.A. Ap. XXII R 31 (B) (3), se desestima el presente recurso por no haber sido tramitado con diligencia.

Así lo pronunció y manda el Tribunal y lo certifica la Secretaria General.

Sonia Pacheco Román
Secretaria General