# 2000 DTA 101

**TRIBUNAL DE CIRCUITO DE APELACIONES
CIRCUITO REGIONAL VI DE CAGUAS/HUMACAO/GUAYAMA**

JAIME MORALES SANABRIA
Recurrente

v.

MUNICIPIO DE CAGUAS
Recurrido

Núm. KLRA-99-00558

San Juan, Puerto Rico, a 29 de febrero de 2000

Panel integrado por su Presidenta, la Juez Rivera de Martínez
y los Jueces Colón Birriel y Soler Aquino

Colón Birriel, Juez Ponente

## TEXTO COMPLETO DE LA RESOLUCION

### I

El recurrente, Jaime Morales Sanabria, solicita la revisión de una *"Resolución"* emitida el 30 de junio de 1999, por la Junta de Apelaciones del Sistema de Administración de Personal (en adelante *"JASAP"*), notificada el 8 de julio del mismo año, mediante la cual se declaró *"No Ha Lugar"* apelación instada por el recurrente, confirmando la medida disciplinaria de destitución que, como guardia municipal, le impuso el Municipio de Caguas (en adelante *"Municipio"*).

### II

Procedemos a exponer el trasfondo fáctico que generó el recurso de epígrafe.

Para el 25 de diciembre de 1995, Jaime Morales Sanabria (en adelante *"Morales Sanabria"*) ofrecía sus servicios como guardia municipal para el Municipio, como Cabo, supervisor del turno a que haremos referencia a continuación. Ese día, conducía un auto patrulla del Municipio, acompañado de varios compañeros, vehículo en que sufrieron el percance de un accidente automovilístico:

*"Viajó, el recurrente, fuera de los límites territoriales del Municipio de Caguas, mientras se encontraba en gestiones oficiales, sin autorización alguna, falseó los hechos al constituir en servicio al guardia Iván Fontánez, cuando éste se encontraba oficialmente disfrutando de un día feriado entre otros y faltó a su responsabilidad como supervisor, al violentar instrucciones escritas y verbales del Comisionado, sacando al personal asignado a sus demarcaciones y llevarlos sin autorización fuera de la jurisdicción territorial de Caguas, abandonando de esa forma la vigilancia preventiva de la población...".* ■

Realizada la investigación correspondiente, el Comisionado, Montañez Andino, y el Oficial Investigador del Municipio, Sr. Quirpa Pérez Collazo, determinaron que Morales Sanabria, descuidada y negligentemente, había sido el causante del accidente de referencia, por lo que lo responsabilizaron de las lesiones provocadas a los compañeros que le acompañaban en la fecha del accidente, así como de la pérdida total del vehículo oficial que conducía.

El 9 de febrero de 1996, Morales Sanabria fue suspendido sumariamente del empleo como consecuencia de la investigación legal de que era objeto. Se le imputó: 1) Apropiación Ilegal; 2) Destrucción de evidencia oficial ocupada respecto a hechos distintos a los antes reseñados; 3) Negligencia crasa al no rendir informes (relacionados a los casos del inciso precedente), y 4) Difamación del Comisionado, a sabiendas de la falsedad de los hechos imputados. Delitos todos, que conllevan depravación moral, conducta lesiva, inmoral y desordenada, en violación a la Ley y al Reglamento y Código de Etica de la Guardia Municipal de Caguas. Celebradas las correspondientes vistas administrativas los días 12, 27 de marzo y 12, 18 de abril de 1996, el Oficial Examinador, Lcdo. Héctor J. Morales Solá, rindió el *"Informe de Vista Administrativa"*, el 31 de mayo de 1996, recomendando la expulsión de Morales Sanabria del cuerpo de la Guardia Municipal. El alcalde de dicha municipalidad acogió la recomendación del examinador, por lo que procedió a destituir al Cabo Morales Sanabria el 31 de julio de 1996.

Conforme a lo cual, Morales Sanabria presentó un recurso de apelación ante JASAP, el 14 de septiembre de 1996. Luego de los trámites de rigor, y las correspondientes vistas, la Lcda. Julia E. Santiago Deliz, Oficial Examinadora ante JASAP dictó *"Resolución"*, el 30 de junio del mismo año, declarando *"No Ha Lugar"* la apelación de Morales Sanabria, lo que motivó, subsiguientemente, otro *"No Ha Lugar"*; esta vez, a una moción de reconsideración presentada por éste.

Así las cosas, el 13 de septiembre de 1999, Morales Sanabria acude a este Foro solicitando nuestra intervención, y planteando los siguientes señalamientos de error:

"1. Erró JASAP al llegar a la conclusión de que el Municipio de Caguas sostuvo los cargos imputados sobre la violación a la Falta grave #4, consistente en alterar, modificar, retirar o dejar de presentar denuncias o acusación, sin la debida autorización;

2. Erró JASAP al llegar a la conclusión de que el Municipio de Caguas sostuvo los cargos imputados sobre la violación a la Falta grave #2, consistente en poner en libertad, sin la debida autorización, a cualquier persona arrestada o bajo orden de encarcelación;

3. Erró JASAP al llegar a la conclusión de que el Municipio de Caguas sostuvo los cargos imputados sobre la violación a la Falta grave #33, consistente en observar conducta lesiva, inmoral o desordenada en detrimento del cuerpo;

4. Erró JASAP al llegar a la conclusión de que el Municipio de Caguas sostuvo los cargos imputados sobre la violación a la Falta grave #35, consistente en dejar suministrar a sus superiores, cualquier información obtenida o recibida sobre la comisión de crímenes o violaciones a la ley y,

5. Erró JASAP al concluir que el Apelante [ante el foro recurrido] cometió falta a los cánones de ética de la Guardia Municipal."

Examinados los planteamientos del recurrente, procedemos a denegar la expedición del auto solicitado, conforme a los fundamentos que habremos de exponer a continuación.

### III

Debemos comenzar por señalar que los planteamientos de error, levantados por el recurrente, tienden a cuestionar la apreciación de la prueba que de ellas hiciera JASAP y, de otro modo, pretende demostrar que las determinaciones a que llegara dicho foro, en consideración a éstas, no quedaron debidamente sostenidas por las mismas. A tales efectos, debemos remitirnos a nuestras disposiciones reglamentarias, las que disponen en lo pertinente (Regla 67 del Reglamento del Tribunal de Circuito de Apelaciones):

"*Regla 67. Reproducción de la prueba oral*

*(A) Cuando se apuntare error en la apreciación de la prueba oral o que alguna determinación de hechos no esté sostenida por la prueba, y sea necesario recurrir a la prueba oral, la parte recurrente lo hará constar en moción por separado, **presentada junto al escrito inicial de revisión**. De no solicitarlo así la parte recurrente, las demás partes podrán efectuar igual solicitud dentro de diez (10) días contados a partir de la notificación de la expedición del auto de revisión.*

*(B) En dicha moción, **la parte interesada sustanciará y probará la necesidad de recurrir a la prueba oral**, con vista a las determinaciones de hechos de la agencia o del (de la) funcionario(a), haciendo referencia a las cuestiones planteadas en la solicitud de revisión y al contenido de los testimonios específicos que se interesa utilizar. La omisión de cumplir con esta regla podrá dar lugar a que se declaró sin lugar la moción.*

*(C) **Dentro de los treinta (30) días siguientes a la presentación de la solicitud de revisión**, y en los casos autorizados, la parte recurrente preparará, notificará a todas las partes y **someterá al Tribunal de Circuito de Apelaciones un proyecto de exposición narrativa de la prueba oral pertinente al recurso**". (Enfasis suplido).*

..."

Según surge de las disposiciones antes expuestas, que encausan los trámites para la revisión de cualquier decisión administrativa, el recurrente venía obligado a solicitar, sustanciar y probar su necesidad de recurrir y reproducir la prueba oral que desfiló ante el foro revisado, *"haciendo referencia a las cuestiones planteadas en [su] solicitud de revisión y al contenido de los testimonios específicos"* que interesaba. Para ello, el recurrente

contaba con (30) días, a contar desde el momento de la presentación de su solicitud de revisión, cosa que nunca hizo.

El 13 de septiembre de 1999, el recurrente presentó su solicitud de revisión, por lo cual contaba hasta el 13 de octubre de dicho año para efectuar el trámite relacionado a la presentación de la exposición narrativa de la prueba oral, necesaria para sostener adecuadamente sus planteamientos. No es sino hasta el 8 de noviembre de 1999, ya expirado el plazo referido, que emitimos "Resolución", a los efectos de informar a las partes que dábamos por cumplida nuestra "Resolución" de 28 de septiembre de [1999]sic., mas ello no tuvo el efecto de desentender a las partes para con el trámite requerido en el perfeccionamiento del recurso de revisión solicitado. Véase la Regla 64 de nuestro Reglamento. Al día de hoy, ninguna de las partes ha cumplido con las disposiciones referidas. Ciertamente correspondía al recurrente la obligación de ponernos en condición adecuada para atender sus reclamos. Valga recordar que el Tribunal de Circuito de Apelaciones, como todo tribunal en Puerto Rico, goza de la característica de ser uno rogado. Esto significa que para entrar a resolver las controversias surgidas en los diferentes procesos judiciales, las partes con interés y derecho tienen, por necesidad, que pedirle a los tribunales que intervengan en el asunto que les interesa resolver. *Pérez Suárez, v. Departamento de la Familia*, Op. de 17 de febrero de 1999, **99 J.T.S. 15**, a la pág. 581. Esto se logra mediante la presentación oportuna de los diferentes recursos de apelación, *certiorari* o revisión. Asimismo, es necesario que dichos recursos sean perfeccionados según lo exigen la ley y el Reglamento de este Tribunal. *Pérez Suárez v. Departamento de la Familia, supra.*

En ausencia del beneficio de la prueba desfilada ante JASAP, no podemos sino regirnos por las normas de derecho administrativo referentes a la presunción de corrección, Cf. *Hernández v. Consejo de Educación Superior*, 120 D.P.R. 194, 210 (1987), el principio de especialización, Cf. *Vázquez v. ARPE,* 128 D.P.R. 513, 528-29 (1991), la no sustitución de criterios de ley, Cf. *Ramírez Rivera v. Dpto. Salud,* Op. de 26 de marzo de 1999, **99 J.T.S. 47**, a la pág. 817, y el respeto y consideración que merecen las decisiones de los foros administrativos, ante el foro judicial. No importa cuales fueren las alegaciones de error que apunten a la incorrecta y/o inadecuada apreciación de la prueba o determinación de hechos, por un foro recurrido, en consideración a que ninguna de éstas puede ceder en ausencia de una actuación arbitraria, ilegal o irrazonable o ante determinaciones huérfanas de prueba sustancial en la totalidad del récord administrativo.

Así, la única forma en que el recurrente podría sostener sus alegaciones ante este foro Apelativo, es poniéndonos en condiciones para evaluar, adecuadamente, sus planteamientos, cosa que no hizo. Cf. *Ramírez v. Dpto. de Salud, supra.*

En *Arriaga Rivera v. Fondo del Seguro del Estado,* Op. de 18 de marzo de 1998, **98 J.T.S. 28**, a las págs. 687 y 688, nuestro Tribunal Supremo expresó, en lo pertinente, que las disposiciones reglamentarias sobre los recursos a presentarse ante su consideración debían observarse rigurosamente. *Cárdenas Maxán v. Rodríguez,* 119 D.P.R. 642 (1987); *In re: Reglamento del Tribunal Supremo,* 116 D.P.R. 670 (1985); *Mfrs. H. Leasing v. Carib. Tubular Corp.,* 115 D.P.R. 428 (1984). Expresó nuestro más alto foro que esa reconocida norma debía ser extensiva a nuestro Reglamento. Indicó, además, lo que a continuación señalamos:

*"En el caso de nuestro propio Reglamento hemos señalado que "los abogados vienen obligados a cumplir fielmente el trámite prescrito en las leyes y reglamentos aplicables para el perfeccionamiento de los recursos", y que no puede quedar ,al arbitrio de los abogados decidir qué disposiciones reglamentarias deben acatarse y cuándo". No existe razón alguna que justifique no aplicar esta norma, de evidente sentido jurídico, al cumplimiento del Reglamento del Tribunal de Circuito de Apelaciones. Es cierto que en el pasado reciente hemos señalado al foro apelativo que debe ser flexible en ciertas aplicaciones de su reglamento, pero ello ha sido en situaciones muy particulares, en las cuales tal flexibilidad estaba plenamente justificada, como cuando se trata de un mero requisito de forma, de menor importancia, o cuando el foro apelativo ha impuesto una severa sanción de desestimación sin antes haber apercibido a la parte demandante. Ninguna de tales expresiones nuestras debe interpretarse como que da licencia a las partes o al foro apelativo para soslayar*

*injustificadamente el cumplimiento del Reglamento de ese foro, particularmente ahora que éste tiene casi dos años de vigencia (a la presentación del recurso más de tres) y no es razonable ya excusar a los abogados por su desconocimiento".* (Citas omitidas).

Al radicar un recurso, un abogado debe cumplir con las disposiciones del Reglamento, en especial aquellas necesarias para poner en condiciones al tribunal apelativo de considerar los méritos del recurso presentado. De no hacerlo, el Tribunal no debe considerar los méritos de dicho recurso. *Maldonado v. Pichardo*, 104 D.P.R. 778 (1976); *In re: Reglamento, supra.*

Por los fundamentos que anteceden, denegamos la expedición del auto solicitado y, así hecho, ordenamos el archivo del presente recurso de revisión.

Lo acordó el Tribunal y lo certifica la señora Secretaria General.

Aida Ileana Oquendo Graulau
Secretaria General