# 2003 DTA 132

**TRIBUNAL DE CIRCUITO DE APELACIONES**
**CIRCUITO REGIONAL DE SAN JUAN**
**PANEL II**

GLORIA ZAYAS RUNKEL
Demandante-Apelante

v.

JUNTA DE DIRECTORES CONDOMINIO CRISTAL HOUSE A, B Y C
Demandados-Apelados

Núm. KLAN-2002-01067

San Juan, Puerto Rico, a 11 de agosto de 2003

Panel compuesto por su Presidenta, la Juez Rodríguez de Oronoz,
la Juez Peñagarícano Soler y la Juez Bajandas Vélez

Peñagarícano Soler, Juez Ponente

**TEXTO COMPLETO DE LA RESOLUCION**

Comparece ante nos, Gloria Zayas Runkel, mediante recurso de Apelación presentado el 10 de octubre de 2002. Solicita revoquemos la *Sentencia* emitida el 21 de agosto de 2002 por el Tribunal de Primera Instancia en la acción civil núm. K DP2001-1865. Esta sentencia se notificó a las partes el 29 de agosto de 2002. Mediante la misma se desestimó con perjuicio el caso de autos de conformidad con la Regla 39.2 (b) de las de Procedimiento Civil. Examinados en su totalidad los autos del caso, así como el derecho aplicable, resolvemos desestimar el recurso apelativo por falta de jurisdicción.

## I

El 8 de octubre de 2001, la parte apelante incoó Demanda en contra de la Junta de Directores del Condominio Cristal House A, B y C por alegados daños. El 12 de abril de 2002, el Tribunal de Primera Instancia certificó haber recibido la contestación a la demanda de autos. El 16 de abril de 2002, el foro a quo emitió *Orden* por la cual citó a las partes concernidas a comparecer a una vista sobre el estado del caso el 27 de septiembre de 2002. ■ El 9 de julio de 2002, se emitió una Orden por la cual se ordenó a la parte aquí apelante contestar los interrogatorios que le cursara previamente la parte apelada, dentro de un término perentorio de cinco (5) días. Se le apercibió de que de no hacerlo, estaría expuesta a recibir sanciones o incluso la desestimación de las alegaciones del caso. ■

El 18 de julio de 2002, la parte apelada presentó una *Moción Solicitando Desestimación*. Esgrimió en la misma que procedía la desestimación del caso de autos bajo los postulados de la Regla 39.2(b) de las de Procedimiento Civil, 32 L.P.R.A. Ap. III, por inacción en el caso en exceso de seis meses. ■ El 21 de agosto de 2002, el foro de instancia emitió *Sentencia* desestimando la acción de marras conforme la Regla 39.2(b), *supra*. *Esta Sentencia se notificó a las partes el 29 de agosto de 2002*. Así las cosas, el 10 de octubre de 2002, la parte apelante acudió ante nos mediante escrito de *Apelación*. ■ En el referido escrito apelativo, la representación legal de la parte apelante alega que no recibió la notificación de la sentencia de autos, sino hasta el 26 de septiembre de 2002. Así, pues, justificó la presentación de su apelación fuera del término dispuesto para ello.

El 13 de noviembre de 2002, la parte apelada presentó una *Moción Solicitando Desestimación*. Concedimos el término de veinte (20) días a la parte apelante para fijar su posición al respecto. El 30 de diciembre de 2002, compareció ante nos la parte apelante mediante su representación legal en *Oposición a Moción Solicitando Desestimación*.

El 7 de enero de 2003, emitimos Resolución ordenando a la parte apelante que explicara en detalle su alegación en torno a que se le notificó la *Sentencia* de forma errónea. El 9 de enero de 2003, la parte apelada presentó una primera moción solicitando se dicte sentencia en el caso de autos. ■

El 6 de febrero de 2003, emitimos Resolución concediendo el término de cinco (5) días a la parte apelante para que mostrara causa por la cual no deberíamos desestimar el caso de autos. El 20 de febrero de 2003, el representante legal de la parte apelante presentó *Moción en Cumplimiento de Orden*. En esta comparecencia, alegó que ha estado confrontando problemas con su apartado postal lo cual le impidió recibir a tiempo la sentencia de autos. ■ Así las cosas, nos hallamos en posición de resolver.

## II

La Regla 53.1 de las de Procedimiento Civil establece de forma específica en lo pertinente:

*"(a) Recursos de apelación al Tribunal Supremo.-....*

*(b) Recursos de apelación al Tribunal de Circuito de Apelaciones.- El recurso de apelación se formalizará presentando el escrito de apelación en la secretaría de la sede del Tribunal de Primera Instancia que dictó la sentencia apelada, o en la secretaría del Tribunal de Circuito de Apelaciones. De presentarse el recurso de apelación en la secretaría de la sede del Tribunal de Primera Instancia que dictó la sentencia apelada, el apelante deberá notificar a la secretaría del Tribunal de Circuito de Apelaciones, dentro de las cuarenta y ocho (48) horas siguientes a la presentación del escrito de apelación, el número reglamentario de copias del escrito, debidamente selladas por la secretaría de la sede del Tribunal de Primera Instancia con la fecha y horas de presentación. De presentarse en la secretaría del Tribunal de Circuito de Apelaciones, el apelante deberá notificar copia del escrito de apelación, debidamente selladas con la fecha y horas de presentación, a la secretaría de la sede del Tribunal de Primera Instancia que dictó la sentencia apelada, dentro de las cuarenta y ocho (48) horas siguientes a la presentación del escrito de apelación.*

*(c) Términos para presentar el escrito de apelación.- El recurso de apelación deberá ser presentado en la forma antes dispuesta, dentro del término jurisdiccional de treinta (30) días contados desde el archivo en autos de una copia de la notificación de la sentencia dictada por el tribunal apelado. En aquellos casos en que el Estado Libre Asociado de Puerto Rico, sus funcionarios o una de sus instrumentalidades que no fuere una corporación pública, o los municipios de Puerto Rico sean parte en un pleito, el recurso de apelación se formalizará, por cualquier parte en el pleito perjudicada por la sentencia, presentando un escrito de apelación en la forma antes dispuesta y dentro del término jurisdiccional de sesenta (60) días contados desde el archivo en autos de una copia de la notificación de la sentencia dictada por el tribunal apelado."* Bastardillas y énfasis nuestro. 32 L.P.R.A. Ap. III, R. 53.1

Asimismo, en el acápite (l) de la aludida regla se dispone, a saber:

*"(l) El tribunal de apelación podrá, por iniciativa propia o a solicitud de parte, desestimar una apelación o un recurso discrecional por los motivos siguientes:*

*a. Que el tribunal de apelación carece de jurisdicción.*

*b. Que la apelación o el recurso discrecional no ha sido perfeccionado de acuerdo con la ley y reglas aplicables.*

*c. Que la apelación o el recurso discrecional no ha sido proseguido con la debida diligencia.*

*d. Que la apelación o el recurso discrecional es claramente frívolo o ha sido presentado para demorar los procedimientos. Bastardillas y énfasis nuestro. 32 L.P.R.A. Ap. III, R. 53.1."*

En adición a ello, la Regla 13 del Reglamento de Tribunal de Circuito de Apelaciones reza en lo pertinente al caso de marras:

*"Regla 13. Término para presentar la apelación*

*(A) Presentación de la apelación.- Las apelaciones contra sentencias dictadas en casos civiles por el Tribunal de Primera Instancia, incluyendo el Tribunal de Distrito durante el proceso de su abolición, se presentarán dentro del término jurisdiccional de treinta (30) días contados desde el archivo en autos de una copia de la notificación de la sentencia...."*. Bastardillas y énfasis nuestro. 4 L.P.R.A. Ap. XXII-A, R. 13.

Habida cuesta de ello, sabido es que la falta de jurisdicción no puede ser subsanada, ni el tribunal puede arrogarse jurisdicción de no tenerla. Asimismo, los tribunales tienen el deber ineluctable de auscultar y corroborar su propia jurisdicción para adjudicar un recurso apelativo. *Medio Mundo Inc. v. Rivera,* **2001 J.T.S. 88**; *Padró v. Vidal,* **2001 J.T.S. 18**; *Pueblo en interés del menor J.M.R.,* **98 J.T.S. 146**; *Vázquez v. Adm. de Reglamentos y Permisos,* 128 D.P.R. 513 (1991); *Gobernador de P.R. v. Alcalde de Juncos,* 121 D.P.R. 522 (1988).

Reiteradamente se ha determinado que toca a los tribunales ser celosos guardianes de su propia jurisdicción y velar por ella, estando ministerialmente obligados a examinar, considerar y auscultar dicho asunto aun en ausencia de señalamientos a esos efectos por las partes. *Padró v. Vidal, supra*; *Sociedad de Gananciales v. A.F.F.,* 108 D.P.R. 644 (1979); *López Rivera v. A.F.F.,* 89 D.P.R. 414 (1963). Lo anterior, pues, un tribunal que carece de jurisdicción sólo puede determinar que no la tiene. *González Santos v. Bourns P.R., Inc.,* 125 D.P.R. 48 (1989); *Martínez v. Junta de Planificación,* 109 D.P.R. 839 (1980).

Por esto, se ha apercibido a los abogados en innumerables ocasiones sobre su obligación de cumplir fielmente el trámite prescrito en las leyes y reglamentos aplicables para el perfeccionamiento de los recursos presentados

ante el foro apelativo. *Cárdenas Maxán v. Rodríguez,* 119 D.P.R. 642 (1987); *Mfrs. H. Leasing v. Caribbean Tubular Corp.,* 115 D.P.R. 428 (1984); *Matos v. Metropolitan Marble Corp.,* 104 D.P.R. 122 (1975).

En el caso de autos, la sentencia fue emitida el 21 de agosto de 2002. La notificación a ambas partes lo fue el 29 de agosto de 2002. En tanto, la apelación de autos se presentó el *10 de octubre de 2002.* El representante legal de la parte apelante, esgrime que la sentencia le fue notificada a una tercera parte, ajena a los procedimientos, y que por ello recibió la misma el 26 de septiembre de 2002. Alega pues, que esto constituye una causa justificada que subsane la falta de jurisdicción. No le asiste la razón.

La normativa jurídica anteriormente citada, nos compele a colegir que en efecto ha transcurrido el término jurisdiccional para atender el recurso de autos. Asimismo, y conforme lo recientemente expresado por el Tribunal Supremo de Puerto Rico, un término jurisdiccional –a diferencia de uno de cumplimiento estricto-, no es susceptible a ser extendido por el tribunal. *Febles v. Romar Pool Construction,* **2003 J.T.S. 114**.

Así pues, resulta forzoso concluir que en casos de falta de jurisdicción, sólo nos asiste discreción para expresar que no contamos con ella. Además, precisa notar que conforme el argumento del representante legal de la parte apelante éste recibió la notificación de la sentencia **dentro del término hábil para apelar la misma**, esto es, el 26 de septiembre de 2002. Las normas contenidas en nuestro ordenamiento jurídico, las cuales estamos compelidos a observar, no permiten otra conclusión que no sea la de desestimar la apelación incoada.

### III
Por los fundamentos anteriormente expresados, se desestima el recurso incoado por falta de jurisdicción.

Así lo acordó y manda el Tribunal y lo certifica la Secretaria General.

Aida Ileana Oquendo Graulau
Secretaria General

### ESCOLIOS 2003 DTA 132

**1.** Véase, folio núm. 12 en Apéndice de autos.

**2.** Véase, folio núm. 13 en Apéndice de autos.

**3.** Véase, folio núm. 15 en Apéndice de autos.

**4.** En el escrito de apelación, la parte apelante indicó el siguiente señalamiento de error:

*"Erró el Honorable Tribunal de Instancia al desestimar el caso por inactividad cuando estabsa (sic) pautada una vista sobre el estado de los procedimientos."*

**5.** El 3 y 24 de febrero de 2003, la parte apelada presentó nuevamente mociones solicitando que se dicte sentencia en este caso.

**6.** El 28 de febrero de 2003, concedimos cinco (5) días a la parte apelada para replicar la moción en cumplimiento que presentara la representación legal de la parte apelante. Al momento de esta Resolución, no ha comparecido.